█ LARRY PIKE et al., Individually and as Parents and Guardians of CODY PIKE, an Infant, Respondents, v GOUVERNEUR CENTRAL SCHOOL DISTRICT et al., Appellants. [671 NYS2d 872] —Mercure, J. Appeal from an order of the Supreme Court (Demarest, J.), entered June 6, 1997 in St. Lawrence County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries sustained by their son, Cody Pike, a ninth grade student at Gouverneur Central High School who fractured his femur when he fell from a snow tube while riding down a hill during gym class. On this appeal from Supreme Court's order denying defendants' summary judgment motion, the parties' primary disagreement centers on the applicable duty of care. Generally, the standard of care applicable to a school's oversight of its students is that degree of supervision that a parent of ordinary prudence would undertake in comparable circumstances (*see, Lawes v Board of Educ.*, 16 NY2d 302, 305). Based on the facts present here, however, defendants would have us apply the less demanding standard applicable to voluntary participants in sporting events or athletic activities, who have assumed the risk of those commonly appreciated risks that are inherent in and arise out of the nature of the sport generally and flow from such participation (*see, Morgan v State of New York*, 90 NY2d 471, 484). Under that standard, a board of education and its employees and agents are merely required to "exercise ordinary reasonable care to protect [student participants] * * * from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658; *see, Egger v St. Dominic High School*, 238 AD2d 542, *lv denied* 90 NY2d 809).

Although Pike's gym teacher, defendant Jeff Miller, testified that he instructed the students that they were not required to slide down the hill, in view of the fact that the activity was a part of a compulsory gym class (*compare, Passantino v Board of Educ.*, 52 AD2d 935, 937 [dissenting mem], *revd on dissenting mem below* 41 NY2d 1022) and Pike having testified that he decided to slide down the hill because "[e]verybody else went down the hill * * * except for [him]", we agree with Supreme Court that there exists a genuine factual issue as to

whether the activity was truly "voluntary". In our view, the record provides ample support for a finding that peer pressure or fear of a poor teacher evaluation induced Pike to participate in the activity. We further conclude that, evaluated under the "reasonably prudent parent" standard, evidence that the hill was icy and irregular, with a three-foot drop-off that caused students to become airborne and several to fall off their sled or tube, permits a finding of negligence. Under the circumstances, we are not persuaded that Supreme Court erred in denying defendants' motion.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.