OPINION OF THE COURT
Herbert Kramer, J.
Defendants seek to dismiss plaintiffs’ third amended com *109 plaint alleging that certain defects identified in counts one through nine of the earlier complaint and dismissed by order dated December 3, 1997 were not cured.
Upon review of counts one through six of the third amended complaint, as supplemented by plaintiff James McBurney’s affidavit, this court finds that the pleading deficiencies have been sufficiently remedied to allow this court to determine whether the plaintiffs have made out a cause of action under the Fair Labor Standards Act of 1938 ([FLSA] 29 USC § 201 et seq.).
In its previous order this court held that, “In order for the complaint to state a cause of action for overtime wages under the FLSA, the complaint must allege sufficient facts to show that plaintiffs are joint employees of both defendants [the airline and the security company] and that the exemption for airline employees does not apply to them.” Under the relevant case law, economic dependence determines employment and may be measured by assessing:
“(A) The nature and degree of control of the workers;
“(B) The degree of supervision, direct or indirect, of the work;
“(C) The power to determine the pay rates or the methods of payment of the workers;
“(D) The right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers;
“(E) Preparation of payroll and the payment of wages.” (Anterior v D & S Farms, 88 F3d 925, 930, n 6, 932 [11th Cir 1996].)
The instant complaint alleges that Command Security Corporation (Command Security) entered into a “leased employee” relationship with British Airways, PLC (British Airways). Thus, Command Security hired the plaintiffs and paid their wages and all payroll taxes, and employees of British Airways supervised the plaintiffs, scheduled their work hours, evaluated them and had the authority to remove them if they deemed their work to be unsatisfactory. In applying the above factors, and bearing in mind that the degree of control or supervision exercised is not necessarily determinative (see, Antenor v D & S Farms, 88 F3d, supra, at 933), it cannot be said, as a matter of law, that the complaint fails to make out a joint employment relationship.
Further, it cannot be said as a matter of law that the complaint unequivocally demonstrates that the employees in ques *110 tion are subject to the airline exemption.[1] The second prong of the inquiry asks whether the work done by the employees is exempt work, that is work that would be done by airline employees, or nonexempt work. If nonexempt work was performed, it is necessary to determine whether it “occupied] more than 20 percent of the time worked by the employed during the workweek.” (29 CFR 786.1.) McBurney’s affidavit recites in pertinent part that “at least 80% of our work involved undercover surveillance of British Airways’ JFK Airport terminal for the purposes of detecting and preventing criminal activity and/or investigating specific possible criminal activity and responding to the same.” Whether this undercover surveillance work is exempt work, or nonexempt work, is a mixed question of fact and law not susceptible to determination on a motion to dismiss.[2]
Accordingly, with respect to counts one through six alleging entitlements to overtime payments under the FLSA and related relief, the defendants’ motion to dismiss the third amended complaint is denied.
*111 The ambiguity in counts seven through nine, which allege breach of contract claims, has not been cured.[3] Accordingly, those counts are dismissed.

. Such would have to be the standard at this juncture since the FLSA is a remedial statute to be broadly construed (Anterior v D & S Farms, 88 F3d, supra, at 933), and exemptions have been narrowly construed against the employer who bears the burden of proving an exemption. (Coming Glass Works v Brennan, 417 US 188 [1974]; Mitchell v Lublin, McGaughy & Assocs., 358 US 207 [1959].)

. The same result would obtain if, instead of making the analysis under the FLSA exemption, i.e., looking at the joint employer test and at what proportion of the work is nonexempt, we make the analysis under the Railway Labor Act ([RLA] 45 USC § 151 et seq.) and look to the two-pronged test utilized by the National Mediation Board to determine whether an employer and its employees are subject to the Railway Labor Act. Here, it cannot be said as a matter of law that (1) undercover surveillance work is traditionally performed by employees of air carriers, and that (2) Command Security is directly or indirectly owned or controlled by or under a common control with the carrier by virtue of the “leased employee” arrangement it had with the carrier. (Compare, New York Interstate Serv., 14 NMB 439 [1987] [holding that security screening of passengers and monitoring of baggage and traffic control are traditional airline employee work and the intertwining of the operations of the hiring company with that of the airline manifested a degree of control by the airline so as to subject the employees to the RLA].)

. Although this issue is not before this court for review, it is noted parenthetically that the mere use of the term ‘‘hiring at will” does not suffice to take the alleged contractual agreement out of the statute since it could well be that an agreement to pay overtime wages, a one-hour paid lunch and other compensation alleged in these counts could well have been conditioned upon the employee working for a period longer than one year. Thus, in the absence of a recitation of the specific terms of this agreement, the complaint remains fatally ambiguous.