■ NOEL P. HORKAN et al., Appellants, v COMMAND SECURITY CORPORATION et al., Respondents. [691 NYS2d 791] —Appeal by the plaintiffs, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Kramer, J.), dated December 3, 1997.

Ordered that the order is affirmed insofar as appealed from, with costs, for reasons stated by Justice Kramer at the Supreme Court. Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur. [*See,* 179 Misc 2d 108.]

■ GRACE IOSUE et al., Respondents, v NICHOLAS LOUGHLIN, an Infant, by His Parent and Natural Guardian, KATHLEEN LOUGHLIN, et al., Defendants and Third-Party Plaintiffs-Appellants. HARMONY HEIGHTS HIGH SCHOOL, Third-Party Defendant. [692 NYS2d 664] —In a negligence action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 18, 1998, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that there were issues of fact as to whether the plaintiff-teacher assumed the risk of being hit by a bat during the softball game in which she participated, in light of the evidence supporting her claim of inherent compulsion by her employer, the third-party defendant school, to participate in the game (*see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658; *see also, Morgan v State of New York,* 90 NY2d 471, 484). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.