■ BARBARA SMITH, Appellant, v J.H. WEST ELEMENTARY SCHOOL et al., Respondents, et al., Defendant. [861 NYS2d 690]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered March 5, 2007, which granted the motion of the defendants J.H. West Elementary School and Plainedge School District for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the respondents' motion for summary judgment dismissing the complaint is denied.

In June 2005 the infant plaintiff, who was participating in a "backward" relay race organized by his school as part of a field day, allegedly was injured when he slipped or tripped, and fell. At his deposition, the infant plaintiff, who was a 10-year-old fifth grader at the time of the accident, explained that while the relay race originally was a "forward" one, two school employees who were supervising the race turned it into a backward one, and "told" the children to start running backward. In addition, in an affidavit, the infant plaintiff recounted, inter alia, that before the field day, his teachers "told" him that he would be participating in the race, and that he therefore "presumed that [he] had no choice but to participate."

On their motion for summary judgment dismissing the complaint, the respondents demonstrated their entitlement to judgment as a matter of law based upon the doctrine of primary assumption of the risk, which provides that a voluntary participant in a sporting or recreational activity consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport or activity generally and flow from such participation (*see Morgan v State of New York,* 90 NY2d 471, 483-486 [1997]; *Turcotte v Fell,* 68 NY2d 432, 438 [1986]; *Maddox v City of New York,* 66 NY2d 270, 279 [1985]; *Joseph v New York Racing Assn.,* 28 AD3d 105, 108-111 [2006]). However, in opposition, the plaintiff raised a triable issue of fact as to the application of the "inherent compulsion" doctrine, which "provides that the defense of assumption of the risk is not a shield from liability, even where the injured party acted despite obvious and evident risks, when the element of voluntariness is overcome by the compulsion of a superior" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658 [1989]; *see Iosue v Loughlin,* 262 AD2d 532 [1999]; *Pike v Gouverneur Cent. School Dist.,* 249 AD2d 820, 820-821 [1998]; *DeGala v Xavier High School,* 203 AD2d 187 [1994]). Accordingly, the Supreme Court should have denied the respondents' motion for summary judgment dismissing the complaint. Miller, J.P., Covello, Eng and Chambers, JJ., concur.