Rabito v Union Free Sch. Dist.
2026 NY Slip Op 03191
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Ava Rabito, etc., et al., appellants, Hicksville
v
Union Free School District, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2021-03135, 2021-03616, (Index No. 605229/19)
Valerie Brathwaite Nelson, J.P.
William G. Ford
Janice A. Taylor
James P. McCormack, JJ.

Finz & Finz, P.C., Mineola, NY (Stuart L. Finz, Todd Rubin, and Benjamin P. Jacobs of counsel), for appellants.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Kathleen D. Foley and Matthew Garber of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 19, 2021, and (2) a judgment of the same court entered May 11, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order entered April 19, 2021, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In May 2018, the infant plaintiff, a fifth-grade student attending the defendant's school, allegedly was injured during a field day activity at the school. Subsequently, the infant plaintiff, by her mother, and her mother suing derivatively, commenced this action to recover damages for personal injuries. The plaintiffs alleged that the infant plaintiff was injured when she slipped and fell during an organized game on an outdoor field, as a result of the dangerous condition of the field. The plaintiffs also alleged that the defendant was negligent in its supervision of the infant plaintiff, which was a proximate cause of her accident. The defendant moved for summary judgment dismissing the complaint. By order entered April 19, 2021, the Supreme Court granted the defendant's motion. A judgment was subsequently entered, upon the order, in favor of the defendant and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see L.S. v Massapequa Union Free Sch. Dist., 215 AD3d 708). In addition, schools have a duty to maintain their property in a reasonably safe condition (see R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d 607).
Contrary to the defendant's contention, it did not eliminate all triable issues of fact as to whether the accident happened so quickly that no amount of supervision could have prevented it (see Annitto v Smithtown Cent. Sch. Dist., 210 AD3d 615). The defendant also failed to eliminate triable issues of fact as to the applicability of the defense of primary assumption of risk and whether the activity which led to the infant plaintiff's accident was compulsory (see Smith v J.H. West Elementary School, 52 AD3d 684, 685). Under the circumstances, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint (see id.).
BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court