█ JOHN PICHE et al., Individually and as Parents and Natural Guardians of WILLIAM PICHE, an Infant, Respondents, v BOARD OF EDUCATION OF THE SHENENDEHOWA CENTRAL SCHOOL DISTRICT, Appellant. — Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered September 26, 1983 in Saratoga County, which denied defendant's motion for summary judgment, or, in the alternative, to dismiss the complaint. ¶ The instant action was commenced by the service of a summons and complaint dated August 3, 1981. The complaint alleged, *inter alia,* that on or about *June 5, 1980,* the infant plaintiff, William Piche, who was 12 years old at the time, was injured when, while a student in a physical education class, his head struck an unpadded gymnasium wall on two successive occasions. After extensive discovery, the complaint was amended, with the consent of defendant, to allege that the incidents in question occurred on or about *June 10, 1980.* ¶ Defendant then made the instant motion for summary judgment, or, in the alternative, for an order dismissing the complaint pursuant to CPLR 3211 (subd [a], par 7). This motion was denied by Special Term without written decision and the instant appeal ensued. ¶ In its sole argument on appeal, defendant contends that plaintiffs failed to specify the exact date of the alleged school accident and, accordingly, are unable to establish a prima facie negligence claim. This argument must be rejected. First, contrary to defendant's position, there was considerable evidence presented during discovery which indicates that the alleged incidents occurred on June 10, 1980. Notably, the infant plaintiff's

teacher stated at an examination before trial that she was informed when William Piche returned from gym class one day that William had "run into the wall" at gym. The teacher then sent William to the school nurse, whose records indicate that William reported to the nurse on June 10, 1980 complaining of a headache. Moreover, defendant's argument that the specification of the date of the accident as "on or about June 10th" is insufficiently precise could properly have been addressed in a motion for a more definite statement (CPLR 3024, subd [a]; Siegel, NY Prac, § 230, p 278), or motions directed toward further particulars. Defendant failed to avail itself of those remedies. The order should, therefore, be affirmed. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss, and Levine, JJ., concur.