■ In the Matter of CHRISTA A. MESSERE, an Infant, by CATHERINE A. MESSERE, et al., Her Parents, et al., Appellants, v MICHAEL FINK et al., Respondents. [658 NYS2d 508] —Mercure, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered May 8, 1996 in Madison County, which denied petitioners' application for permission to file a late notice of claim.

On June 15, 1993, petitioner Christa A. Messere, a student at Chittenango Middle School in Madison County, suffered personal injuries when she was allegedly pushed into a locker or door by a fellow student, respondent Michael Fink. Although Christa was medically discharged by her physician and cleared to resume school athletic activities prior to the beginning of the 1993-1994 school year, she continued to experience medical problems over the following two years. In January 1996, petitioners made application for permission to file a late notice of claim upon respondents Chittenango Central School District and its Board of Education (hereinafter collectively referred to as respondents) alleging, *inter alia*, that Christa's injuries were the result of respondents' negligent supervision of its students, including Fink. Supreme Court denied the application and petitioners now appeal.

We conclude that Supreme Court did not abuse its discretion in denying the application and accordingly affirm (*see,* General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]). First, we agree with Supreme Court that petitioners failed to establish that either respondents or their insurance carrier had actual notice of the essential facts constituting the negligent supervision claim within the requisite time period (*see, Matter of Rusiecki v Clarkstown Cent. School Dist.,* 227 AD2d 493, 494). Although the record establishes respondents' knowledge that

Christa was injured in a June 15, 1993 pushing incident, there has been no competent showing that respondents were made aware of petitioners' claim that the injuries were intentionally inflicted or resulted from respondents' asserted inadequate supervision. Under the circumstances, we can find nothing to support petitioners' contention that respondents had been apprised of the present claim (*see, Matter of Dunlea v Mahopac Cent. School Dist.*, 232 AD2d 558, 559-560). Petitioners' general assertion that they contacted respondents' employees one year prior to the assault regarding Fink's "threats, physical assaults and inappropriate contacts" against Christa will not suffice.

Further, in view of respondents' showing that Fink's school records and documents relating to the subject incident cannot be located, we agree with Supreme Court's conclusion that the $2^1/_2$-year delay has prejudiced respondents. Finally, like Supreme Court, we are not persuaded that the delay in serving the notice of claim was related to Christa's infancy (*see, Matter of Bordan v Mamaroneck School Dist.*, 230 AD2d 792, 793; *Matter of Shea v City of New York Bd. of Educ.*, 222 AD2d 510, 511).

Petitioners' remaining contentions have been considered and found to lack merit.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.