■ CHRISTINE DE JESUS, Individually and as Administrator of the Estate of HECTOR L. DE JESUS, Deceased, Appellant, v

---

COUNTY OF ALBANY et al., Respondents. [699 NYS2d 563] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 29, 1998 in Albany County, which, *inter alia*, denied plaintiff's motion pursuant to General Municipal Law § 50-e for leave to file a late notice of claim.

In May 1997, plaintiff's decedent, who was afflicted with the HIV virus, was an inmate at the Albany County Jail. On or about May 25, 1997, decedent was allegedly attacked and assaulted by other inmates and sustained various injuries, including a fractured left knee. Thereafter, decedent's HIV virus progressed to an active AIDS infection and, on or about November 13, 1997, he was placed under the jurisdiction of the State Department of Correctional Services. Decedent was subsequently hospitalized and died on December 23, 1997. Following plaintiff's appointment as administrator of decedent's estate on August 13, 1998, a negligence action was commenced alleging that defendants failed to properly protect decedent from the assault by the other inmates and provide him with adequate medical treatment for his HIV infection. After commencing the action, plaintiff moved for leave to file a late notice of claim and defendants cross-moved to dismiss the complaint. Supreme Court denied the motion and granted the cross motion, resulting in this appeal.

We affirm and note that the trial court has broad discretion to determine whether to grant permission to file a late notice of claim under General Municipal Law § 50-e (*see, Matter of Hunt v County of Madison*, 261 AD2d 695; *Matter of Bowman v Capital Dist. Transp. Auth.*, 244 AD2d 638). In making the determination, it may consider many factors including whether the respondent had actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether the petitioner has set forth a reasonable excuse for the delay and the degree of prejudice to the respondent if the application were granted (*see, Matter of Wilson v City of Binghamton*, 248 AD2d 780; *Matter of Doe v Madrid-Waddington Cent. School Dist.*, 232 AD2d 922, 923).

Initially, we agree with Supreme Court that defendants did not have actual notice of the essential facts constituting the claims. Although defendants were aware that decedent injured his knee in an altercation during May 1997, there is nothing in this record to suggest that defendants had knowledge of facts which would alert them to plaintiff's claim that their negligence caused or contributed to the injury (*see, Matter of Messere v Fink*, 240 AD2d 811). Decedent did not file a grievance and there is no evidence that he otherwise reported the incident

which could have prompted an investigation (*cf., Matter of Hunt v County of Madison, supra*). With regard to the claim of inadequate medical care, decedent did not file a grievance or otherwise complain to officials at the jail and plaintiff has not submitted any proof indicating that defendants should have known that decedent's condition required a higher level of care.

We also concur with Supreme Court that plaintiff failed to establish a reasonable excuse for the delay. Plaintiff did not submit any evidence that decedent's medical condition prevented him from pursuing the claims. It further appears that decedent contacted plaintiff's attorney and other attorneys in July 1997 concerning these matters; however, no application was made to file a late notice of claim until August 1998. Furthermore, decedent's incarceration and alleged difficulty in obtaining counsel are insufficient statutory excuses for the delay (*see generally, Matter of McCray v Motor Vehicle Acc. Indem. Corp.*, 232 AD2d 948, 949, *lv denied* 89 NY2d 810; *Matter of Sevilla v State of New York*, 145 AD2d 865, 866, *lv denied* 74 NY2d 601).

Lastly, we are of the view that permitting plaintiff to file a late notice of claim would unduly prejudice defendants under the circumstances presented. Considering the nature of the claims and the length of the delay, defendants' ability to investigate has been substantially hindered. Consequently, we cannot say that Supreme Court abused its discretion in denying plaintiff's motion for leave to serve a late notice of claim and dismissing the complaint.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.