■ NICHOLAS PRYOR, an Infant, by NICOLE SIANOS, His Parent, et al., Plaintiffs, and CHRISTOPHER D. OATHOUT, Appellant, v JOSE SERRANO et al., Respondents. [759 NYS2d 238] —Cardona, P.J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 4, 2002 in Greene County, which, inter alia, denied plaintiff Christopher D. Oathout's motion to file a late notice of claim.

From July 1997 to September 29, 1997, plaintiff Christopher D. Oathout, then 14 years old, was placed in foster care in the home of defendant Jose Serrano located in defendant County of Greene. On September 27, 1997, Oathout reported incidents of alleged sexual abuse by Serrano to defendant Greene County Department of Social Services (hereinafter DSS) and defendant Greene County Sheriff's Department. Although an investigation was conducted, Oathout recanted two days later and

signed a statement indicating that he had lied. Noting the absence of any prior complaints against Serrano and the recantation by Oathout, DSS removed Oathout from the Serrano home, completed its investigation in October 1997 and concluded that the complaint was unfounded. Oathout did not pursue any further claims at that time in reference to the alleged abuse.

Subsequently, foster children continued to be placed in the Serrano home until Serrano was arrested by the State Police in June 2000 for abusing several boys in his care, including Oathout. Oathout testified before a grand jury in June or July 2000 regarding the sexual abuse and indicated that he had been intimidated and frightened by county employees into recanting the allegations. Oathout turned 18 years old in November 2000 and filed a notice of claim in January 2001. On July 25, 2001, Oathout and the other allegedly abused boys and/or their guardians filed a summons and complaint pleading, among other things, gross negligence and/or gross carelessness by the county defendants as a result of placing them in Serrano's foster care. In August 2001, plaintiffs moved for leave to serve late notices of claim against the County, DSS and the Sheriff's Department. Attached to the motion was an expanded notice of claim from Oathout which included a charge of negligent investigation on the part of the Sheriff's Department. As relevant here, the County opposed the motion and cross-moved to dismiss Oathout's causes of action against the county defendants. Supreme Court, among other things, denied Oathout's motion for permission to serve a late notice of claim against the county defendants and granted their cross motion to dismiss Oathout's causes of action against them, prompting this appeal.

General Municipal Law § 50-e (1) (a) provides that in an action against a public corporation, a notice of claim must be served within 90 days after the claim arises. In this case, there is no dispute that the notice of claim was not served within 90 days of the incidents involving Oathout occurring in 1997.* The decision as to whether the filing of a late notice of claim should be permitted is a discretionary one involving the balanc-

---

* We note that, although the incidents involving Oathout occurred in 1997, a court has discretion to extend the time to serve a notice of claim up until the expiration of the statute of limitations, which is one year and 90 days after the accrual of the cause of action (*see* General Municipal Law § 50-e [5]; § 50-i [1] [c]; *Matter of Meredithe C. v Carmel Cent. School Dist.*, 192 AD2d 952 [1993]). Where the plaintiff is an infant, the one year and 90-day statute of limitations is tolled until the age of majority is reached (*see*

ing of a number of factors. The factors include, among other things, whether a defendant acquired actual knowledge of the facts constituting the claim within 90 days after it arose or a reasonable time thereafter, whether the claimant was an infant and the extent of prejudice to a defendant if late filing is allowed (*see* General Municipal Law § 50-e [5]; *Matter of Curiel v Town of Thurman,* 289 AD2d 737, 738 [2001], *lv denied* 97 NY2d 611 [2002]).

Upon review of the relevant factors herein, we cannot say that Supreme Court abused its broad discretion in denying Oathout's request to serve a late notice of claim against the county defendants. Contrary to Oathout's arguments, the record does not support his claim that the county defendants had actual knowledge of the *essential* facts underlying his claims and would not be prejudiced by a late filing (*see De Jesus v County of Albany,* 267 AD2d 649, 650-651 [1999]; *Weber v County of Suffolk,* 208 AD2d 527, 528 [1994]; *see also Matter of Sandlin v State of New York,* 294 AD2d 723, 724-725 [2002], *lv dismissed* 99 NY2d 589 [2003]). Specifically, although there is no dispute that the county defendants were aware of his abuse allegations against Serrano, there is nothing in the record to suggest knowledge of facts alerting them *at that time* to the current claim that it was their negligence in, among other things, allowing Serrano to be licensed as a foster parent, which caused or contributed to the abuse. Significantly, there is no evidence of allegations against Serrano prior to the ones made by Oathout in 1997. As for Oathout's claims challenging the propriety of the county defendants' 1997 investigation, it does not appear from this record that he made any complaints in that regard prior to his appearance before the grand jury in June or July 2000. Furthermore, Oathout made no formal complaint in that regard until service of the supplemental notice of claim with his August 2001 application to serve a late claim. Given the lengthy time periods involved herein, we do not agree that the claims of prejudice on the part of the county defendants lack support in the record.

As for the issue of Oathout's age, "[i]t is well settled that an extension of the statutory period within which to serve a notice of claim will not automatically be granted merely because the claimant is an infant" (*Matter of Shea v City of New York Bd. of Educ.,* 222 AD2d 510, 510 [1995]; *see Matter of Doe v Madrid-Waddington Cent. School Dist.,* 232 AD2d 922, 923 [1996]; *Matter of Bordan v Mamaroneck School Dist.,* 230 AD2d 792,

---

CPLR 208; *Simons v Sherburne-Earlville Cent. School Dist.,* 233 AD2d 592 [1996]). Since Oathout's 18th birthday was not until November 2000, the statute of limitations did not begin to run until that date.

793 [1996]). Notably, although Oathout informed the grand jury in June or July 2000 that he recanted his allegations against Serrano in 1997 because he was then young and frightened, the record lacks a reasonable explanation as to why the notices of claim were not made until January and August 2001, despite the fact that Oathout turned 18 in the interim (*see Matter of Doe v Madrid-Waddington Cent. School Dist., supra* at 923-924). In any event, given the absence of actual notice of the claims herein within a reasonable period after the incidents occurred and the prejudice to the county defendants by the delay, we cannot conclude that Supreme Court abused its discretion by failing to find infancy as a dispositive factor in its determination. Therefore, we do not find that Supreme Court erred in exercising its discretion.

The remaining arguments raised by Oathout have been examined and found unpersuasive.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.