◼ In the Matter of LORI COOK, Individually and as Parent and Guardian of KAYLEE MARY COOK, an Infant, Respondent, v SCHUYLERVILLE CENTRAL SCHOOL DISTRICT, Appellant. [813 NYS2d 569]—

Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered April 25, 2005 in Saratoga County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Two years after petitioner's infant daughter is alleged to have injured herself during cheerleading practice on respondent's premises, petitioner moved for leave to serve a late notice of claim contending that her injury was a result of the negligence of respondent's employees. Supreme Court granted petitioner's application, prompting this appeal.

The decision to allow the late filing of a notice of claim is discretionary and requires the court to consider all relevant factors, particularly whether the municipality obtained actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Matter of Roberts v County of Rensselaer*, 16 AD3d 829, 829 [2005]; *Matter of Tara V. v County of Otsego*, 12 AD3d 984, 985 [2004]; *Matter of Crocco v Town of New Scotland*, 307 AD2d 516, 517 [2003]).

Since our review of the record clearly indicates that respondent did not acquire actual knowledge of the essential facts constituting the claim, we reverse. The record contains a student accident report, dated March 25, 2003, that provides no date for the alleged accident, indicates that the accident was not witnessed by the cheerleading advisor, contains petitioner's claim that her daughter was "tossed" and "injured her back due to how she was caught," and states that necessary medical treatment was rendered on December 19, 2002 and thereafter on at least two occasions. The February 11, 2005 notice of claim filed with petitioner's application for leave to serve a late notice alleged that the claim arose in January/February 2003, petitioner's daughter was injured when participating in a "flyer/full extension maneuver, she was caused to fall and hit the floor back first," the cheerleading advisor witnessed the incident and the petitioner's daughter saw the school nurse the next day and a report was allegedly generated. The application was not supported by an affidavit from the daughter, who was nearly 18 years of age at the time, nor by an affidavit from any member of the cheerleading squad who allegedly witnessed the incident. Respondent replied with the affidavit of respondent's school nurse, who categorically denied that petitioner's daughter ever advised her that she injured her back during a school sponsored cheerleading practice, and an affidavit from respondent's Director of Physical Education and Athletics, who asserted that the cheerleading advisor during the 2002-2003 academic year is no longer employed by respondent and efforts to contact her have been unsuccessful. Based upon this record, we conclude that Supreme Court abused its discretion in granting petitioner's application for leave to serve a late notice of claim. Petitioner did

not sustain her burden establishing that respondent acquired knowledge of the alleged incident within a reasonable time (*see Washington v City of New York*, 72 NY2d 881, 883 [1988]).

Respondent's remaining contentions are academic.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.