■ In the Matter of WILLIAM E. HEFFELFINGER, JR., Respondent, v ALBANY INTERNATIONAL AIRPORT et al., Appellants. [845 NYS2d 132]—

Rose, J. Appeal from an order of the Supreme Court (Doyle, J.), entered April 27, 2006 in Albany County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

At approximately 12:30 A.M. on October 5, 2004, petitioner fell and was injured while performing his duties as a shuttle bus driver for TBI Airport Management, Inc., the management contractor for respondent Albany Airport Authority. He continued to work, but sought medical treatment and underwent arthroscopic surgery in March 2005 for a torn medial meniscus of the left knee. It was not until November 2005 that he made this application pursuant to General Municipal Law § 50-e (5) for permission to file a late notice of claim against respondents. Although respondents opposed the application, Supreme Court granted it and directed respondents to accept service of petitioner's notice of claim. Respondents appeal and we now reverse.

Initially, we note that whether to permit a petitioner to file a late notice of claim under General Municipal Law § 50-e (5) is a discretionary determination (*see Pryor v Serrano*, 305 AD2d 717, 719-720 [2003]). In exercising its discretion, however, the trial court must consider certain statutory factors, including "whether the [respondent] acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether the [petitioner] offers a reasonable excuse for the delay in filing the application and whether granting the application would substantially prejudice the [respondent]" (*Lemma v Off Track Betting Corp.*, 272 AD2d 669, 670 [2000]; *see* General Municipal Law § 50-e [5]). In addition, where a petitioner fails to show that the respondent acquired knowledge of the claim within a reasonable time, it is an improvident exercise of discretion to grant the application (*see e.g. Matter of Cook v Schuylerville Cent. School Dist.*, 28 AD3d 921, 922-923 [2006]), and this is so even in the absence of substantial prejudice (*see Matter of Carpenter v City of New York*, 30 AD3d 594, 595-596 [2006]; *Matter of Roberts v County of Rensselaer*, 16 AD3d 829, 830 [2005]; *Matter of Cuda v Rotterdam-Mohonasen Cent. School Dist.*, 285 AD2d 806, 807 [2001]; *compare Matter of Isereau v Brushton-Moira School Dist.*, 6 AD3d 1004, 1006-1007 [2004] [where there was both actual notice and no substantial prejudice]).

Here, the record does not establish that respondents timely acquired actual knowledge of the essential facts of petitioner's claim of negligence, namely the exact location of the accident and that poor lighting was one of its causes (*see Forrest v Berlin Cent. School Dist.*, 29 AD3d 1230, 1231 [2006], *appeal dismissed* 7 NY3d 896 [2006]). While incident reports were prepared immediately after the accident by petitioner's supervisor and personnel of the Airport Rescue and Fire Fighting Department, those persons, like petitioner, were employees of TBI and there is no evidence that the reports were ever provided to respondents. More importantly, those reports give no indication that inadequate lighting was a cause of petitioner's injury, for they state only that he tripped over a passenger's bag. In addition, the reports specify the location only by naming the parking lot where the accident occurred and, in his affidavit, petitioner concedes that for each row in that lot, there are two possible places for the drop off of passengers. Moreover, while petitioner claims that his supervisor gave actual notice of the accident by calling respondents' office, the only evidence that this occurred is a notation of "operations called" in the supervisor's report. There is no indication as to what information was conveyed or to whom. Thus, the reports cited by petitioner were insufficient to impart actual notice (*see e.g. Conte v Valley Stream Cent. High School Dist.*, 23 AD3d 328 [2005]; *Pineda v City of New York*, 305 AD2d 294 [2003]), and permitting a late notice of claim was not appropriate (*see Matter of Cook v Schuylerville Cent. School Dist., supra* at 922-923; *Matter of Spaulding v Cobleskill-Richmondville Cent. School Dist.*, 289 AD2d 860, 861 [2001]).

Furthermore, given that petitioner knew his injury was serious enough to require surgery in January 2005, his proffered excuse that he did not know the extent of his injuries is unpersuasive (*see e.g. Matter of Smith v Otselic Val. Cent. School Dist.*, 302 AD2d 665, 665 [2003]). Accordingly, we must conclude that Supreme Court improvidently exercised its discretion in granting petitioner's application to file a late notice of claim.

Cardona, P.J., Crew III, Mugglin and Lathinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application denied.