■ In the Matter of RICHARD DEWEY et al., Respondents, v TOWN OF COLONIE et al., Appellants. [863 NYS2d 849]—

Kavanagh, J. Appeal from an order of the Supreme Court (Stein, J.), entered October 25, 2007 in Albany County, which granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Petitioner Richard Dewey injured his right knee in March 2007 when he slipped and fell on a muddy slope as he was walking in a marked pedestrian lane in the Town of Colonie, Albany County. In August 2007, petitioners sought leave to serve a late notice of claim against respondents. Supreme Court granted the application and this appeal ensued.

The decision to permit the late filing of a notice of claim pursuant to General Municipal Law § 50-e (5) is committed to the discretion of the trial court (*see Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d 537, 538 [2007]). In exercising such discretion, "the trial court must consider certain statutory factors, including whether the respondent had actual knowledge of the essential facts constituting the claim, whether there exists a reasonable excuse for any delay in filing the notice of claim and whether the delay has caused substantial prejudice to any defense to the claim" (*Matter of Apgar v Waverly Cent. School*

*Dist.*, 36 AD3d 1113, 1114 [2007]). No one factor, however, is dispositive of the issue (*see Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d 761, 762-763 [2001]). In this case, we conclude that Supreme Court properly considered each of the pertinent factors and did not abuse its discretion in granting leave to file a late notice of claim.

The record reveals that respondents had actual notice of the essential facts underlying the claim given that, among other things, respondent Town of Colonie Police Department and the Colonie Emergency Medical Services were present at the scene and assisted Dewey after he fell. Indeed, the Police Department prepared an accident report setting forth details concerning the incident and the Emergency Medical Services transported him to a local hospital. Further, Freedom of Information Law (hereinafter FOIL) requests seeking various documents were made by petitioners and their attorneys to the Police Department and the Town Attorney for respondent Town of Colonie.

As for petitioners' excuse for the delay, the record bears out that they were originally unaware of respondents' potential liability until they had the chance to review the materials that respondents provided to them in connection with their FOIL requests. The FOIL responses were furnished to petitioners two days after their time in which to file a notice of claim had expired. Approximately five weeks later, petitioners sent a letter to respondents notifying them of the incident and, one week after that, petitioners made an application for leave to serve a late notice of claim. Thus, in view of petitioners' initial difficulty in determining respondents' possible connection to the matter and the relatively voluminous nature of the FOIL materials that had to be examined, we cannot say that petitioners' delay was unreasonable.

Finally, we do not find that substantial prejudice would enure to respondents by allowing the filing of a late notice of claim. An accident report containing details of the incident was compiled on the date that it occurred. Moreover, respondents' conclusory assertions regarding the availability of witnesses and/or their abilities to recall events are unsubstantiated by the record.

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.