■ In the Matter of KRISTEN PETERSEN, Appellant, v SUSQUE-HANNA VALLEY CENTRAL SCHOOL DISTRICT, Respondent. [870 NYS2d 155]—

---

Carpinello, J.

On February 15, 2007, petitioner, a senior at the Susquehanna Valley High School, was injured when another student pulled her chair out from under her while she was eating lunch in the cafeteria. She then went to the school nurse and, without reporting the incident, complained that her back was bothering her and went home early. Later that day, petitioner's mother contacted the school nurse to explain what happened and an accident report was completed. Thereafter, in October 2007, petitioner made an application for permission to file a late notice of claim upon respondent alleging, among other things, that her injuries were the result of respondent's negligent supervision of the students in the cafeteria. Supreme Court denied this application and petitioner now appeals.

We affirm. "The decision [of whether] to permit the late filing of a notice of claim pursuant to General Municipal Law § 50-e (5) is committed to the discretion of the trial court" (*Matter of Dewey v Town of Colonie*, 54 AD3d 1142, 1142 [2008]; *see Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d 537, 538 [2007]). In exercising this discretion, " 'the trial court must consider certain statutory factors, including whether the respondent had actual knowledge of the essential facts constituting the claim, whether there exists a reasonable excuse for any delay in filing the notice of claim and whether the delay has caused substantial prejudice to any defense to the claim' " (*Matter of Dewey v Town of Colonie*, 54 AD3d at 1142, quoting *Matter of Apgar v Waverly Cent. School Dist.*, 36 AD3d 1113, 1114 [2007]; *see* General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]; *Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d at 538). "No one factor . . . is dispositive of the issue" (*Matter of Dewey v Town of Colonie*, 54 AD3d at 1143; *see Mat-*

ter of Welch v Board of Educ. of Saratoga Cent. School Dist., 287 AD2d 761, 762-763 [2001]).

Here, although the accident report establishes respondent's knowledge that petitioner was injured in February 2007 when "[she] was in lunch and another student pulled her chair out from [under] her," respondent was not made aware of petitioner's claim that the injuries resulted from its negligent supervision of the students in the cafeteria until this application was made in October 2007. Under these circumstances, petitioner failed to establish that respondent had actual knowledge of the essential facts constituting the claim (see Pryor v Serrano, 305 AD2d 717, 719 [2003]; De Jesus v County of Albany, 267 AD2d 649, 650 [1999]; Matter of Messere v Fink, 240 AD2d 811, 811-812 [1997]; see also Matter of Vicari v Grand Ave. Middle School, 52 AD3d 838, 839 [2008]). Further, petitioner failed to proffer any excuse for her delay in filing the notice of claim and, to the extent that this incident occurred in a cafeteria allegedly unsupervised by adults and used only by seniors—all of whom had presumably graduated by October 2007—respondent arguably suffered substantial prejudice with respect to its opportunity to promptly and thoroughly investigate the incident. Under these circumstances, we are unable to conclude that Supreme Court abused its discretion in denying petitioner's application.

Cardona, P.J., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.