■ MARCHELLE KIRTLEY et al., Appellants, v ALBANY COUNTY AIRPORT AUTHORITY et al., Respondents. [889 NYS2d 128]—

Malone Jr., J. Appeal from an order of the Supreme Court (McNamara, J.), entered September 24, 2008 in Albany County, which denied plaintiffs' motion pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Plaintiff Marchelle Kirtley (hereinafter plaintiff) was injured in June 2007, when she slipped and fell on a wet floor at the Albany International Airport. This action for negligence and loss of consortium was commenced in May 2008, with plaintiffs alleging that defendants' employees or contractors created the hazard by mopping the floor and failed to adequately warn passersby of it. Simultaneously, plaintiffs moved for leave to file a late notice of claim, and they now appeal from Supreme Court's order denying that motion.

Whether to permit the late filing of a notice of claim is a discretionary determination for the trial court, and its decision will not be disturbed absent a clear abuse of that discretion (see Matter of Schwindt v County of Essex, 60 AD3d 1248, 1249 [2009]; Matter of Petersen v Susquehanna Val. Cent. School Dist., 57 AD3d 1332, 1333 [2008]). The relevant factors include whether defendants obtained actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether plaintiffs offered a reasonable excuse for the delay in filing a claim and whether that delay would substantially prejudice defendants, with no one factor being dispositive (see General Municipal Law § 50-e [5]; Matter of Schwindt v County of Essex, 60 AD3d at 1249; Matter of Heffelfinger v Albany Intl. Airport, 43 AD3d 537, 538 [2007]).

In this case, plaintiff notified defendant Albany County Airport Authority of the accident shortly after it occurred, but the incident report does not describe her accident beyond stating that she "did not know the floor was wet and slipped." Prior to the commencement of this action, defendants were unaware of any facts to suggest that they were responsible for that wet floor or were otherwise liable because of it. As a result, plaintiffs failed to show that defendants "had actual knowledge

of the essential facts constituting the claim" (*Matter of Petersen v Susquehanna Val. Cent. School Dist.*, 57 AD3d at 1334; *see Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]; *Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d at 539; *Johnson v Katonah-Lewisboro School Dist.*, 285 AD2d 490, 490 [2001]; *Matter of Raczy v County of Westchester*, 95 AD2d 859 [1983]). Further, plaintiffs do not explain why they failed to timely file a notice of claim. Under these circumstances, we cannot say that Supreme Court abused its discretion in denying plaintiffs' motion and accordingly affirm.

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.