In the Matter of ROSE T. PLACE, as Guardian ad Litem for CHILD DOE, an Infant, Respondent, v BEEKMANTOWN CENTRAL SCHOOL DISTRICT et al., Appellants. [892 NYS2d 638]—

Lahtinen, J.

In early 2004, following a "good touch"/"bad touch" puppet presentation at respondent Cumberland Head Elementary School where eight-year-old Child Doe attended, the child informed the presenter that his stepfather had been inappropriately touching him. The presenter brought the child to a school counselor, who interviewed the child. While there are conflicting versions of what transpired in that meeting, there is evidence that the child told the school counselor that his stepfather was touching his genitals and had threatened to kill the child or his mother if he told anyone. The school counselor then contacted a caseworker from respondent Clinton County Department of Social Services (hereinafter DSS), who was allegedly assigned to the elementary school attended by the child. Neither the extent of the communication between the school counselor and the DSS caseworker nor the caseworker's role at the school are developed in the record. Further indicators of abuse allegedly came to the attention of a school social worker in early 2006; yet, appropriate authorities were not notified until mid-2007 after a friend of the child stated to school personnel that the child was complaining of repeated sexual abuse by his stepfather.

The stepfather was eventually arrested and convicted in March 2008 on a host of sex-related crimes perpetrated against the child. In September 2008, petitioner was appointed guardian ad litem for the child, who had been previously placed in the custody of his maternal grandparents. In November 2008, petitioner sought leave to file a late notice of claim against respondents. Supreme Court granted the application. Respondents appeal.

"It is well settled that Supreme Court has broad discretion in

deciding whether to grant an application for leave to file a late notice of claim pursuant to General Municipal Law § 50-e" (*Matter of Lanphere v County of Washington*, 301 AD2d 936, 937 [2003]). Although the application generally must be made within the one year and 90-day statute of limitations, respondents do not contest the applicability herein of the toll for infancy (*see Matter of Hinton v New Paltz Cent. School Dist.*, 50 AD3d 1414, 1415 [2008]; *see generally Matter of Eberhard v Elmira City School Dist.*, 6 AD3d 971, 972 [2004]). Factors weighed in considering whether the application should be granted include, among others, timely knowledge by respondents of the essential facts, petitioner's excuse for the delay and the potential prejudice to respondents resulting from the delay (*see Matter of Schwindt v County of Essex*, 60 AD3d 1248, 1249 [2009]; *see generally* General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]).

Here, there is evidence in the record reflecting that respondents had knowledge during the relevant time of serious allegations by the child regarding his stepfather. Petitioner's excuse as to the delay in pursuing a civil action includes the young age of the child and, after criminal proceedings were commenced, the distress the child endured during such proceedings, including being removed from his home and eventually placed with his grandparents. Despite the passing of considerable time, we are unpersuaded that there was significant prejudice to respondents. The key witnesses are ostensibly identifiable and available. It appears that most are still employed by respondents and some testified at the stepfather's criminal trial without apparent difficulty recalling germane events.

Respondents further contend that petitioner failed to establish a meritorious cause of action as to each of them. Leave to file a late notice of claim is, of course, "not appropriate for a patently meritless claim" (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]). The contention of the school, respondent Beekmantown Central School District and respondent Board of Education in such regard is unpersuasive since it is premised upon the school counselor's assertion that she is a trained mandatory reporter and that the child did not relay adequate information to her to necessitate reporting. This assertion is disputed by evidence in the record indicating that adequate information was supplied by the child to her in 2004.

The claim against DSS appears more attenuated since it is not totally clear from this record whether the DSS caseworker had sufficient contact and knowledge to trigger the mandatory reporting statute as to her (*see* Social Services Law § 413). The

standard of proof at this procedural point, however, does not require certainty of the merits for the claim to survive. There are allegations—although broad and unexplained—of the caseworker being assigned to the school. The role of the DSS caseworker, as well as the nature and extent of the information she received, is not fully developed in the record. The only affidavit in opposition from DSS was by an attorney who did not have personal knowledge of the pertinent facts. We are unpersuaded that this limited record established a patently meritless claim and, accordingly, Supreme Court did not abuse its discretion in granting petitioner's application.

Cardona, P.J., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.