■ In the Matter of PHILLIP E. HUBBARD, JR., et al., Individu-ally and on Behalf of JAMIE L. HUBBARD, Respondents, v COUNTY OF MADISON, Appellant, et al., Respondent. (And a Related Ac-tion.) [897 NYS2d 538]—

Cardona, P.J. Appeal from an order of the Supreme Court (Garry, J.), entered March 23, 2009 in Madison County, which granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

In January 2008, Jamie L. Hubbard, then 23 years of age, lost control of her vehicle while driving westbound on Roberts Road in the Town of Lenox, Madison County and crossed into the

oncoming lane of traffic before colliding with another vehicle driven by respondent Joseph H. Sadlowski. Hubbard sustained severe injuries as a result of the accident, including traumatic brain injury and quadriplegia. She was in a coma until April 2008. Although Hubbard was, and remains, nonverbal due to her catastrophic injuries, in May 2008, she was able to sufficiently make a mark so as to execute a general power of attorney in favor of petitioners, her parents. Petitioners subsequently sought guardianship over Hubbard's person and/or property and, in December 2008, retained legal counsel to pursue a negligence action on her behalf.

Thereafter, in January 2009, petitioners filed an application for leave to file a late verified notice of claim (*see* General Municipal Law § 50-e). They simultaneously filed a summons and complaint and a proposed notice of claim that alleged, in general terms, that respondent County of Madison (hereinafter respondent), among other things, negligently maintained, designed, constructed and provided signage for the subject roadway. Respondent opposed the application. Subsequently, petitioners amended their application by filing and serving a notice of petition dated February 11, 2009 that included a revised verified notice of claim that particularized the location of the accident and provided specifics regarding respondent's alleged negligence.* In March 2009, Supreme Court granted petitioners' application and respondent appeals.

Notably, the decision of whether to allow the filing of a late notice of claim pursuant to General Municipal Law § 50-e (5) is a determination left to Supreme Court's sound discretion (*see Matter of Petersen v Susquehanna Val. Cent. School Dist.*, 57 AD3d 1332, 1333-1334 [2008]). In making such a determination, the trial court must make inquiry into various factors, including whether the public corporation acquired actual knowledge, within 90 days or a reasonable time thereafter, of the facts constituting the claim, the reasonableness of the excuse proffered for the delay in filing, as well as "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law § 50-e [5]; *see Matter of Dewey v Town of Colonie*, 54 AD3d 1142, 1142-1143 [2008]; *Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d 537, 538-539 [2007]). Significantly, "[t]he

---

* The revised verified notice of claim alleged, among other things, that the accident on the northern shoulder of the subject roadway was caused by the "negligent construction of the pavement and shoulder [which left] an extended lip/lack of taper on the edge of the pavement and a precipitous drop as the shoulder was being driven onto causing and creating a dangerous condition."

presence or absence of any one of these factors is not necessarily determinative" (*Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734, 734 [2008]; *see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538-539 [2006]), and this Court has repeatedly held that, absent a clear abuse of the trial court's broad discretion, the "determination of an application for leave to serve a late notice of claim will not be disturbed" (*Matter of Isereau v Brushton-Moira School Dist.*, 6 AD3d 1004, 1005 [2004]; *see Kirtley v Albany County Airport Auth.*, 67 AD3d 1317, 1318 [2009]; *Matter of Dewey v Town of Colonie*, 54 AD3d at 1143; *Matter of Hinton v New Paltz Cent. School Dist.*, 50 AD3d 1414, 1415 [2008]).

Here, upon review of Supreme Court's consideration of the requisite factors, we find no basis to conclude that the court abused its discretion in granting petitioners' application. At the outset, we need not linger over the assertion that petitioners did not provide a sufficient excuse for the delay in filing a notice of claim. Clearly, Hubbard, who remains nonverbal and requires constant care for the profound physical and mental disabilities sustained because of the accident, was not capable of interposing a negligence action against respondent on her own behalf (*see Matter of DeMolfetto v City of New York*, 216 AD2d 295, 296 [1995]). Given the uncontradicted proof of Hubbard's almost complete incapacity up to, and following, the filing of this application (*see Matter of Rosenberg v City of New York*, 309 NY 304, 309 [1955]), we agree with Supreme Court's conclusion that there was a sufficient excuse for the delay in filing the late notice of claim (*see generally* 24 Carmody-Wait 2d § 144:114 ["Determining whether incapacity excuses delay"]).

Furthermore, we find no abuse of discretion in Supreme Court's ruling that petitioners met their burden "of showing lack of substantial prejudice to [respondent]" (*Williams v Nassau County Med. Ctr.*, 6 NY3d at 538). Given Hubbard's traumatic brain injury and apparent inability to recollect the details of the accident, an earlier notice of claim would not have improved respondent's ability to gain her firsthand account of the accident. Additionally, the record lends little support for the assertion that respondent has been substantially prejudiced by the passage of time in its ability to investigate petitioners' claims regarding a roadway that it maintains and oversees. As this Court has noted previously, "the transitory nature of an accident scene, standing alone, does not prevent physical inspection or demonstrate substantial prejudice" (*Matter of Schwindt v County of Essex*, 60 AD3d 1248, 1250 [2009]). Notably, the Sheriff's Department took numerous photographs of the ac-

cident scene shortly after the collision occurred. Moreover, respondent is still free to, among other things, interview the driver of the other vehicle involved in the accident (*see Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d 761, 764 [2001]). Therefore, we decline to disturb Supreme Court's resolution of the issue.

Finally, even assuming, arguendo, that petitioners did not timely provide respondent with actual notice of the essential facts underlying the instant negligence claim, we are not persuaded by respondent's contention that denial of petitioners' application is required as a result. While there is no question that the issue of timely notice is an important factor (*see.* General Municipal Law § 50-e; *Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d at 538; *Matter of Cook v Schuylerville Cent. School Dist.*, 28 AD3d 921 [2006]), we cannot conclude that its absence, or the absence of any factor, standing alone, is dispositive herein. .The Court of Appeals has emphasized that, in reviewing the "nonexhaustive list" of factors, courts should consider "all relevant facts and circumstances" (*Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *see* General Municipal Law § 50-e [5]). Accordingly, as a close reading of this Court's decisions in late notice of claim cases demonstrates, depending upon the particular facts of each case, the weight to be given to any one factor may be lesser or greater. Inasmuch as, in the subject case, it is apparent that Supreme Court took appropriate care in weighing each factor, we decline to interfere with that court's exercise of discretion.

The remaining issues advanced by respondent have been considered and found to be unpersuasive.

Peters, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.