■ LUCHANA CHIRSE, an Infant, by VANESSA McGREGOR, Her Grandmother and Guardian, et al., Respondents-Appellants, v CITY SCHOOL DISTRICT OF ALBANY et al., Appellants-Respondents. [920 NYS2d 841]—

Spain, J.P. Cross appeals from an order of the Supreme Court

(McNamara, J.), entered November 5, 2009 in Albany County, which, among other things, partially granted plaintiffs' cross motion for leave to file a late notice of claim.

Plaintiffs commenced this action seeking damages for injuries allegedly sustained by then-infant plaintiff Luchana Chirse (hereinafter plaintiff) while descending a rope in gym class at Arbor Hill Elementary School in the City of Albany.[1] Pursuant to General Municipal Law § 50-e, plaintiffs filed a notice of claim on July 11, 2006, asserted that the incident causing the injury occurred on April 12, 2006 and that, as a result, plaintiff was diagnosed with a slipped capital femoral epiphysis and, on May 3, 2006, underwent surgery to have a pin inserted into her hip. Defendants moved for summary judgment, based upon, among other things, evidence that plaintiff's documented gym class schedule conclusively establishes that the alleged gym class accident could not have occurred after March 30, 2006 and that, therefore, the notice of claim was untimely. Plaintiffs cross-moved for leave to file a late notice of claim. Supreme Court partially granted the application, permitting plaintiff to serve a late notice of claim changing the date of the injury alleged in the original claim, but denying an additional request to add claims based on defendants' alleged failure to properly treat plaintiff's injury. The parties cross-appeal, and we affirm.

"It is well settled that Supreme Court has broad discretion in deciding whether to grant an application for leave to file a late notice of claim pursuant to General Municipal Law § 50-e, providing the application is made prior to the expiration of the one year and 90-day statute of limitations" (*Matter of Lanphere v County of Washington*, 301 AD2d 936, 937 [2003] [citations omitted]; *see* General Municipal Law § 50-e [5]; § 50-i).[2] Here, we discern no abuse of Supreme Court's discretion in resolving plaintiff's application. In partially granting the request to file the late notice of claim, Supreme Court appropriately considered

1. In addition to defendants City School District of Albany and Albany Board of Education, the City of Albany was also named as a defendant. The action was eventually discontinued as to the City.

2. As plaintiff was a minor at the time of the alleged injury and thus eligible for the infancy toll of CPLR 208, Supreme Court properly entertained the application with respect to plaintiff (*see Matter of Lanphere v County of Washington*, 301 AD2d at 937). Supreme Court declined to entertain the application insofar as it was made on behalf of plaintiff Vanessa McGregor, plaintiff's legal guardian and grandmother, because the application was well beyond the one-year-and-90-day statute of limitations (*see Matter of Welsh v Berne-Knox-Westerlo Cent. School Dist.*, 103 AD2d 950, 951 [1984]). Although McGregor appealed in her individual capacity, she has not addressed her individual claims on appeal and, accordingly, we deem them abandoned (*see Bordeleau v State of New York*, 74 AD3d 1688, 1688 n [2010]).

the excuse offered by plaintiffs for the delay—namely, the confusion of plaintiff, an infant, as to the date of the accident, as well as the fact that defendants had timely knowledge of essential facts surrounding the claim (*see* General Municipal Law § 50-e [5]; Education Law § 3813; *Matter of Place v Beekmantown Cent. School Dist.*, 69 AD3d 1035, 1036 [2010]; *Matter of Schwindt v County of Essex*, 60 AD3d 1248, 1249 [2009]). It is apparent that defendants quickly learned of the probable actual date of the claimed injury—March 30, 2006—by reviewing plaintiff's class schedule and questioning her gym teacher. Had the date been correctly stated, the original notice of claim would have been less than two weeks late. Under these circumstances, we find no substantial prejudice to defendants and hold that Supreme Court acted within its discretion in granting plaintiff's motion to file a late notice of claim to correct the date of the alleged gym class accident (*see Matter of Cornelius v Board of Educ. of Delhi Cent. School Dist.*, 77 AD3d 1048, 1049 [2010]; *Matter of Schwindt v County of Essex*, 60 AD3d at 1250; *Matter of Tara V. v County of Otsego*, 12 AD3d 984, 985 [2004]; *see also Piche v Board of Educ. of Shenendehowa Cent. School Dist.*, 102 AD2d 956, 956 [1984]).

Likewise, we discern no clear error in Supreme Court's decision to deny plaintiff's request to add an additional claim asserting that the school nurse failed to timely attend to plaintiff's medical needs. The motion to file the late notice of claim occurred nearly three years after the alleged injury. In contrast to the request to modify the date of the original claim, this request presents an entirely new theory that would require investigation by defendants. Given the significant passage of time, the absence of a compelling excuse and likely prejudice to defendants, we hold that Supreme Court acted within its discretion in denying the request (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538-539 [2006]; *Matter of Petersen v Susquehanna Val. Cent. School Dist.*, 57 AD3d 1332, 1334 [2008]; *Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d 537, 539 [2007]).

Defendants also assert that they were entitled to summary judgment because they have established, as a matter of law, that the alleged negligent conduct of defendants' gym teacher was not the proximate cause of plaintiff's injuries. Defendants rely on the affidavit of a physical education expert who opined that, given plaintiff's description of her descent down the rope, her impact was the same as it would have been had she been perfectly spotted. According to defendants' expert, a spotter's goal is not to catch the student descending a rope, but to assist the student to land on his or her feet, as plaintiff admittedly did here.

However, as Supreme Court pointed out, issues of fact remain as to whether the gym teacher had any duty or ability to mitigate plaintiff's risk of injury in other ways, such as slowing her descent or providing other instructions which might have enabled her to reduce her impact with the mat. The gym teacher was unable to recall during his deposition whether he had provided instructions to plaintiff while she was climbing the rope and plaintiff testified that, prior to beginning her descent, she called out to her gym teacher multiple times for help, but he did not answer. Under these circumstances, we concur with Supreme Court's conclusion that it is for a jury to determine if any breach in defendants' duty to their students was a proximate cause of the injuries alleged (*see Oakes v Massena Cent. School Dist.*, 19 AD3d 981, 982 [2005]; *Lindaman v Vestal Cent. School Dist.*, 12 AD3d 916, 917 [2004]; *Pike v Gouverneur Cent. School Dist.*, 249 AD2d 820, 820-821 [1998]; *Vonungern v Morris Cent. School*, 240 AD2d 926, 927 [1997]; cf. *Bellinger v Ballston Spa Cent. School Dist.*, 57 AD3d 1296, 1297-1298 [2008], *lvs denied* 12 NY3d 704, 878 [2009]). Likewise, defendants' reliance on medical records that suggest that plaintiff's injuries were not caused during her March 30, 2006 gym class, but by a fall from a tree house on May 1 or 2, 2006, merely creates another issue of fact, but does not conclusively establish causation as a matter of law in the face of plaintiff's contrary testimony (*see Gerfin v North Colonie Cent. School Dist.*, 41 AD3d 1085, 1086-1087 [2007]; *Wood v Watervliet City School Dist.*, 30 AD3d 663, 665 [2006]).

Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.