In the Matter of MATTHEW STANLEY CONGER, Appellant, v OGDENSBURG CITY SCHOOL DISTRICT et al., Respondents. [930 NYS2d 92]—

Egan Jr., J.

Petitioner, born in 1991, was in the eighth grade at Ogdensburg Free Academy in December 2006, when he fell on the ice while playing broomball during a physical education class. After the class ended, petitioner went to the school nurse complaining that he had hurt his left elbow in the fall. The nurse observed some bruising and swelling but that petitioner otherwise had full range of motion of his arm and elbow. Although petitioner returned to class, he went to a local hospital later that day and was diagnosed with a broken left elbow. In the interim, petitioner's mother notified the school nurse that petitioner was being taken to the emergency room, and the nurse completed a "Notification of Student Injury" report. In January 2007, petitioner's mother submitted an accident claim form indicating that petitioner had broken his elbow. Thereafter, in August 2010, petitioner sought leave to file a late notice of claim. Supreme Court denied the application and petitioner now appeals.

We affirm. "It is well settled that Supreme Court has broad discretion in deciding whether to grant an application for leave to file a late notice of claim pursuant to General Municipal Law § 50-e, providing the application is made prior to the expiration of the one year and 90-day statute of limitations" (*Matter of Lanphere v County of Washington*, 301 AD2d 936, 937 [2003] [citations omitted]; *see* General Municipal Law § 50-e [5]; *accord Chirse v City School Dist. of Albany*, 83 AD3d 1232, 1233 [2011]). Where, as here, "the putative [petitioner] is an infant, the statute of limitations is tolled until his or her 18th birthday" (*Matter of Lanphere v County of Washington*, 301 AD2d at 937; *accord Matter of Hinton v New Paltz Cent. School Dist.*, 50 AD3d 1414, 1415 [2008]).* In deciding whether to permit a late filing of a notice of claim, the court "must consider certain statutory factors, including whether the respondent had actual knowledge of the essential facts constituting the claim, whether there exists a reasonable excuse for any delay in filing the notice of claim and whether the delay has caused substantial prejudice to any defense to the claim" (*Matter of Apgar v Waverly Cent. School Dist.*, 36 AD3d 1113, 1114 [2007]; *accord Matter of Dewey v Town of Colonie*, 54 AD3d 1142, 1142 [2008]). Moreover, "[n]o one factor . . . is dispositive of the issue" (*Matter of Dewey v Town of Colonie*, 54 AD3d at 1143).

* Respondents do not contest the applicability of the tolling of the statute of limitations for petitioner's infancy (*see Matter of Place v Beekmantown Cent. School Dist.*, 69 AD3d 1035, 1036 [2010]).

Here, although the record demonstrates that respondents generally were aware—no later than January 2007—that petitioner had fallen and broken his elbow, there is no indication that respondents were aware of the essential facts of the underlying claim or that petitioner contended that his injuries were due to respondents' negligence until petitioner applied to file a late notice of claim (*see Matter of Petersen v Susquehanna Val. Cent. School Dist.*, 57 AD3d 1332, 1334 [2008]; *De Jesus v County of Albany*, 267 AD2d 649, 650 [1999]). Moreover, petitioner's reliance upon respondents' student accident policy, under which respondents paid any remaining medical expenses over and above those covered by the health coverage of petitioner's parents for three years following the injury, does not, under the particular facts of this case, constitute a reasonable excuse for failing to file a timely notice of claim (*compare Coonradt v Averill Park Cent. School Dist.*, 75 AD2d 925, 926 [1980]). Accordingly, we cannot say that Supreme Court abused its discretion in denying petitioner's application (*see Kirtley v Albany County Airport Auth.*, 67 AD3d 1317, 1318-1319 [2009]; *Matter of Smith v Otselic Val. Cent. School Dist.*, 302 AD2d 665, 665-666 [2003]).

Peters, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.