■ SARIEL ABAD, an Infant, by His Mother and Natural Guardian, YRIS MORALES, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [980 NYS2d 450]—

Judgment, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered November 18, 2010, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 26, 2010, which denied plaintiff's motion addressed to his notice of claim and granted defendant's cross motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff appeals from the motion court's denial of his motion under General Municipal Law § 50-e (5) for leave to serve a late notice of claim on defendant for alleged obstetrical malpractice more than seven years after the claim accrued upon his dis-

charge from defendant's hospital on September 13, 2002, six days after his birth. Plaintiff also appeals from the court's grant of defendant's cross motion for an order dismissing the complaint.

Under General Municipal Law § 50-e, the 90-day period for plaintiff to serve defendant with a notice of claim expired on December 14, 2002. In June 2004, plaintiff, then aged 21½ months, was diagnosed with pervasive developmental disorders (PDD), but it was not until May 2005 that plaintiff's attorneys served a purported notice of claim on defendant alleging that plaintiff's injury was caused by defendant's malpractice. In January 2006, plaintiff commenced this action, but then waited until October 2009 to move for an order deeming the 2005 notice timely served nunc pro tunc, or, alternatively granting leave to file another late notice of claim.

We find that the motion court providently exercised its discretion in denying plaintiff's application. Section 50-e (5) of the General Municipal Law confers a court with broad discretion whether to grant leave to serve late notice (*see Diallo v City of New York*, 224 AD2d 339, 340 [1st Dept 1996]), and on appeal the court's determination will not be disturbed absent a clear abuse of that discretion (*Kirtley v Albany County Airport Auth.*, 67 AD3d 1317, 1318 [3d Dept 2009]). In determining whether to grant leave, the court is required under General Municipal Law § 50-e (5) to consider whether the public corporation had actual knowledge of the facts constituting the claim within 90 days of its accrual or shortly thereafter. Under the statute, the court must take into account all other relevant facts and circumstances, including the plaintiff's infancy, whether a reasonable excuse for the late notice was offered, and whether the delay substantially prejudiced the defendant's defense on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]).

Here, the motion court properly found that plaintiff's nearly seven-year delay in seeking leave to serve a notice of claim prejudiced defendant and plaintiff had failed to show otherwise (*see Matter of Catuosco v City of New York*, 62 AD3d 995, 997 [2d Dept 2009]). Defendant was prejudiced, given that neither the contemporaneous hospital records nor any subsequent event served to notify defendant of the facts constituting the claim because the records did not link defendant's actions with plaintiff's injury, which was diagnosed nearly two years after defendant last treated plaintiff. In connection with a malpractice claim against a municipal hospital, for the medical records to provide notice of a plaintiff's claim, "the essential facts

underlying the claim, *including that the plaintiff was injured*, must be documented in the defendant's own medical record" (*Cartagena v New York City Health & Hosps. Corp.*, 93 AD3d 187, 188 [1st Dept 2012] [emphasis added]).

The court properly found that nothing in the hospital records would have alerted defendant to any claim of malpractice during the delivery or of any lasting injury. Although plaintiff's expert, Dr. Bruce Halbridge, a Texas practitioner, opined that the unproductive labor that plaintiff's mother underwent before a cesarean section reduced the oxygen reaching the fetus, nothing in the chart supports a hypoxic event. In fact, fetal rate patters were classified as "reassuring" at all times. Plaintiff's Apgar scores both at his birth and five minutes later were recorded as 8 on a scale of 10, which score falls within the normal range (*see e.g. Williams*, 6 NY3d at 536-537 [affirming denial of leave to file late notice where hospital records provided "scant" notice of lasting harm to infant who, after difficult delivery, scored eight one minute after birth and nine after five minutes]; *compare with Medley v Cichon*, 305 AD2d 643, 644 [2d Dept 2003] [hospital had notice of injury where infant had zero Apgar score and had to be resuscitated at birth]).

Records of plaintiff's postnatal treatment would not have alerted defendant to plaintiff's claimed injuries. When the hospital transferred plaintiff to the neonatal intensive care unit because of placental abruption and anemia, he responded favorably to oxygen and a blood transfusion. Upon his discharge on September 13, he was clinically stable and all problems had been resolved.

The motion court acknowledged that plaintiff's infancy favored his application, but that factor was outweighed by plaintiff's lack of a reasonable excuse for waiting seven years before he applied for late service, coupled with defendant's lack of knowledge of the claim. While plaintiff's mother claimed that she was ignorant of the law, her counsel, who had been aware of this case since at least May 2005, did not offer any excuse for the delay in commencing this action in 2006 and moving for leave in 2009. The court also noted that the purported notice of claim that plaintiff's counsel had filed in May 2005 was a legal nullity because it had been served without leave of the court (*see Croce v City of New York*, 69 AD3d 488 [1st Dept 2010]).

Accordingly, we affirm the motion court's denial of leave to file a late notice and the dismissal of the complaint. Concur—Friedman, J.P., Renwick, Freedman and Feinman, JJ.