Matter of Waliszewski v Ulster (2019 NY Slip Op 01283)





Matter of Waliszewski v Ulster


2019 NY Slip Op 01283


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526896

[*1]In the Matter of MARIUSZ WALISZEWSKI, by DANA RUDIKOFF, as Special Guardian of the Property of MARIUSZ WALISZEWSKI, Respondent,
v
COUNTY OF ULSTER, Appellant.

Calendar Date: January 10, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Cook, Netter, Coonan, Kurtz & Murphy, PC, Kingston (Eric M. Kurtz of counsel), for appellant.
Burke, Miele, Golden & Naughton, LLP, Goshen (Robert M. Miele of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered October 13, 2017 in Ulster County, which granted petitioner's application pursuant to General Municipal Law §
50-e (5) for leave to serve a late notice of claim.
On August 7, 2016, Mariusz Waliszewski was riding his motorcycle ahead of several other motorcyclists on County Route 47 in the Town of Denning, Ulster County. As Waliszewski approached a curve in the road, he lost control of his motorcycle and struck a tree, sustaining a severe brain injury. Pawel Wala was riding his motorcycle directly behind Waliszewski and, after witnessing Waliszewski's accident, lost control of his own motorcycle and crashed, sustaining a fractured femur, collapsed lung and broken ribs. Shortly after the accident, respondent received two 911 emergency calls. State Police, local police and paramedics responded to the scene of the accident. As a result of Waliszewski's severe brain injury, petitioner was appointed as his special guardian in May 2017. On August 8, 2017, petitioner commenced this proceeding seeking leave to serve a late notice of claim on respondent [*2]alleging that it negligently designed and maintained and failed to provide appropriate markings and signage for the roadway. Supreme Court granted the application and respondent appeals.[FN1]
"Whether to permit the late [service] of a notice of claim involves consideration of various statutory factors, including whether [the] respondent[] had actual notice of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether [the] petitioner offered a reasonable excuse for the delay in [service] and whether [the] respondent[] incurred substantial prejudice as a result. No single factor is dispositive and, absent a clear abuse of discretion, Supreme Court's determination in this regard will not be disturbed" (Matter of Cornelius v Board of Educ. of Delhi Cent. School Dist., 77 AD3d 1048, 1049 [2010] [citations omitted]).
Our review of the record reveals that respondent did not have actual knowledge of the essential facts of the negligence claim within 90 days of its accrual. Although respondent received two 911 emergency calls immediately following the accident, there is no indication that any of its employees were present at the accident scene. The incident report maintained by respondent regarding the 911 emergency calls, without more, does not satisfy the statutory requirement of actual notice (see Matter of Cruz v Transdev Servs., Inc., 160 AD3d 729, 731 [2018]; Matter of Crocco v Town of New Scotland, 307 AD2d 516, 517 [2003]). However, the lack of actual notice is not dispositive, and we must consider whether Supreme Court properly considered and weighed all of the relevant factors (see Matter of Hubbard v County of Madison, 71 AD3d 1313, 1316 [2010]).
The fact that Waliszewski was incapacitated by the injuries that he sustained in the accident and, therefore, was incapable of interposing a negligence action against respondent on his own behalf is a sufficient excuse for the delay in serving a notice of claim (see id. at 1315). As to substantial prejudice, the only prejudice alleged by respondent is that the roadway "no longer exists in [its] 'negligently maintained' state" because it was resurfaced following the accident. Petitioner notes that the State Police took photographs of the scene shortly after the accident and prepared a schematic depicting the accident site, including the location of the crashed motorcycles, and respondent may interview Wala, who witnessed Waliszewski's accident (see id. at 1315-1316). Notably, in addition to the negligent maintenance claim, petitioner asserted that respondent negligently designed and failed to provide appropriate signage for the roadway, specifically stating that "the roadway curves and dips without warning or signage." Respondent did not proffer sufficient evidence that the alleged design defects or the signage were affected by resurfacing or that its ability to investigate petitioner's claim was otherwise substantially prejudiced by the passage of time (see Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1134 [2018]; Daprile v Town of Copake, 155 AD3d 1405, 1407 [2017]; Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d 1262, 1263-1264 [2017]). Respondent's remaining contentions have been considered and found to be without merit.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Wala commenced a separate proceeding seeking leave to serve a late notice of claim, which was also granted. Respondent has also appealed that order (Matter of Wala v County of Ulster, ___ AD3d ___ [decided herewith]).