## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   June 16, 2016                    521967
_____

In the Matter of JIN GAK KIM,
                    Appellant,

        v

                                        MEMORANDUM AND ORDER

DORMITORY AUTHORITY OF THE
    STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:   April 20, 2016

Before:   Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

_____

        Sackstein, Sackstein & Lee, LLP, Garden City (Laurence D. Rogers of Cupit & Rogers, LLP, Valley Stream, of counsel), for appellant.

        Wilson Elser Moskowitz Edelman & Dicker LLP, Albany (Christopher Martin of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Walsh, J.), entered January 21, 2015 in Albany County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

        During a construction project on a residence dormitory owned or controlled by respondent, petitioner – an employee of a subcontractor – was injured when he reportedly dropped a two-by-four board.  The accident occurred on May 23, 2013 and, in mid-August 2013, the lawyer who petitioner had consulted wrote him a letter declining the case and warning him of an impending deadline of August 21, 2013 for a claim against the state and the

May 23, 2016 statute of limitations for an action against the general contractor.  A year later, in August 2014, petitioner moved pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim against respondent, asserting liability under Labor Law §§ 200, 240 (1) and 241 (6) and seeking $10,000,000 in damages.  Supreme Court denied the motion and petitioner appeals.

"A trial court is vested with broad discretion to determine whether leave to file a late notice of claim should be granted" (Matter of Curiel v Town of Thurman, 289 AD2d 737, 738 [2001], lv denied 97 NY2d 611 [2002]; see Matter of Conger v Ogdensburg City School Dist., 87 AD3d 1253, 1254 [2011]).  The nonexhaustive list of pertinent factors include "whether [respondent] obtained actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether [petitioner] offered a reasonable excuse for the delay in filing a claim and whether that delay would substantially prejudice [respondent], with no one factor being dispositive" (Kirtley v Albany County Airport Auth., 67 AD3d 1317, 1318 [2009]; see General Municipal Law § 50-e [5]; Matter of Reinemann v Village of Altamont, 112 AD3d 1264, 1265 [2013]; Matter of Crocco v Town of New Scotland, 307 AD2d 516, 517 [2003]).

Petitioner contends that respondent had sufficient notice of the essential facts since its representative prepared a report on the day of the incident.  The report briefly relates that petitioner was holding a seven-foot long two-by-four board above his head, he dropped it to his shoulder when distracted by a coworker and he had a "sore shoulder."  Given the general nature of the information in the cursory report, Supreme Court did not err in finding that respondent lacked sufficient notice of essential facts regarding a potential claim against it or that petitioner had sustained the ostensibly significant injuries he now claims (see Matter of Conger v Ogdensburg City School Dist., 87 AD3d at 1255; cf. Matter of Franco v Town of Cairo, 87 AD3d 799, 800-801 [2011]).  Although petitioner contends that his inability to understand English provides an excuse, he was able to adequately communicate with his first attorney, who warned him of the impending deadlines for filing and, in any event, difficulty with English "is not a sufficient excuse for failure

to serve a timely notice of claim" (<u>Figueroa v City of New York</u>, 92 AD2d 908, 909 [1983]; <u>see</u> <u>Turkenitz v City of New York</u>, 213 AD2d 266, 266 [1995]).  Nor has petitioner demonstrated a lack of prejudice to respondent under the circumstances (<u>see</u> <u>Forrest v Berlin Cent. School Dist.</u>, 29 AD3d 1230, 1231 [2006], <u>appeal dismissed</u> 7 NY3d 896 [2006]).  We are unpersuaded that Supreme Court abused its discretion in denying petitioner's motion.

McCarthy, Devine, Clark and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court