■ In the Matter of MATTHEW R. KRANICK, Appellant, v NISKAYUNA CENTRAL SCHOOL DISTRICT, Respondent. [56 NYS3d 636]—

Mulvey, J. Appeal from an order of the Supreme Court (Buchanan, J.), entered September 14, 2016 in Schenectady County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Petitioner alleges that he was injured when, on July 24, 2015, when exiting a bus at respondent's bus garage parking lot, he stepped into a depression in the parking lot and injured his knee. He reported the injury to his supervisor three days later and had his knee X-rayed. In August 2015, petitioner saw an orthopedic surgeon who recommended an MRI, which was not performed until November 2015. The MRI revealed a torn meniscus and petitioner underwent surgery in January 2016. Initially, a notice of claim was filed with respondent in January 2016, and, in March 2016, petitioner commenced this proceeding for leave to file a late notice of claim. Supreme Court denied the application, finding that, although petitioner proffered a reasonable excuse for the delay, he failed to establish a lack of prejudice to respondent due to the late notice. Petitioner appeals.

"[T]he decision of whether to allow the filing of a late notice of claim . . . is a determination left to Supreme Court's sound discretion" (*Matter of Hubbard v County of Madison*, 71 AD3d 1313, 1314 [2010]; *see Matter of Jin Gak Kim v Dormitory Auth. of the State of N.Y.*, 140 AD3d 1459, 1460 [2016]; *Matter of Conger v Ogdensburg City School Dist.*, 87 AD3d 1253, 1254 [2011]), and, "absent a clear abuse of the trial court's broad discretion, the determination of an application for leave to serve a late notice of claim will not be disturbed" (*Matter of Hubbard v County of Madison*, 71 AD3d at 1315 [internal quotation marks and citation omitted]). A party seeking to sue a school district must serve a notice of claim on the school district within 90 days of when the claim arises (*see* General Municipal Law § 50-e [1] [a]; Education Law § 3813 [1]; *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 460 [2016]). The court may extend the time in which to file a

notice of claim, and both the Education Law and the General Municipal Law "contain[ ] a nonexhaustive list of factors that the court should weigh, and compels consideration of all relevant facts and circumstances" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539 [2006]; *see* General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]; *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 461; *Matter of Franco v Town of Cairo*, 87 AD3d 799, 800 [2011]); no one factor is controlling (*see Matter of Conger v Ogdensburg City School Dist.*, 87 AD3d at 1254; *Matter of Hubbard v County of Madison*, 71 AD3d at 1314-1315). The factors, as relevant here, include whether respondent "acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter" and "whether the delay in serving the notice of claim substantially prejudiced [respondent] in maintaining its defense on the merits" (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 461 [internal quotation marks and citation omitted]).

As Supreme Court found that petitioner proffered a reasonable excuse for his delay in serving the notice of claim, in that he did not realize the severity of his injuries until after his November 2015 MRI (*see Matter of Lacey v Village of Lake Placid*, 280 AD2d 863, 863 [2001]; *Matter of Bowman v Capital Dist. Transp. Auth.*, 244 AD2d 638, 639 [1997]), petitioner only takes issue with the court's finding that petitioner failed to demonstrate that respondent had actual knowledge of the event, and that he failed to establish a lack of prejudice to respondent. Although our review of the record supports Supreme Court's finding that respondent did not have actual knowledge of the essential facts constituting the claim until the filing of the notice of claim, its conclusion that petitioner failed to meet his burden to show a lack of substantial prejudice is not supported by the record.

A finding that respondent "is substantially prejudiced by a late notice of claim cannot be based solely on speculation and inference; rather, a determination of substantial prejudice must be based on evidence in the record" (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 465-466). "[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the [respondent]. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*id.* at 466). Here, petitioner identified the precise location of the incident during his General Mu-

nicipal Law § 50-h examination by marking a map with a box showing where the bus was parked as he stepped off into the depression, and he represented, through his attorney, that the parking lot defect had not changed since the time of the incident. Photographs of the defect, taken within a month of the incident, were not furnished to Supreme Court, although they had been given to the Workers' Compensation Board in support of petitioner's workers' compensation claim. Respondent, despite being "in the best position to know and demonstrate whether it has been substantially prejudiced" (*id.* at 467), offered absolutely no response to this contention, although it was required to rebut it "with particularized evidence" (*id.*). We note that Supreme Court's observation that "[s]now plowing, traffic, weather, or even repairs performed in the interim could have altered the condition" is not based on any evidence in the record and, thus, constitutes the kind of unsupported assertion of prejudice that the Court of Appeals would deem "speculation and inference" (*id.*). Thus, the record is devoid of any basis to conclude that the 12-week delay in filing the notice of claim caused substantial prejudice to respondent. Accordingly, we find that Supreme Court improvidently exercised its discretion in denying petitioner's application.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur. Ordered that the order is reversed, on the law, with costs, and application granted.