■ JOHN DAPRILE, Appellant, v TOWN OF COPAKE, Respondent. [65 NYS3d 351]—

Rose, J. Appeal from an order of the Supreme Court (Zwack, J.), entered May 12, 2016 in Columbia County, which denied plaintiff's motion for leave to file a late notice of claim.

Plaintiff alleges that, in 2000, defendant changed a roadway drainage system in the vicinity of his residential property and, since that time, water and debris from the drainage system have been continuously discharged onto his property. In January 2015, the foundation of plaintiff's single-family home caved in as a result of the discharge, and the home's structural integrity was compromised. In October 2015, plaintiff served a notice of claim on defendant and, shortly thereafter, commenced

this action asserting causes of action for trespass and nuisance based upon defendant's conduct dating back to 2000 and for negligence related to the January 2015 property damage. Defendant answered and asserted several affirmative defenses, including that plaintiff failed to file a timely notice of claim pursuant to General Municipal Law § 50-e. Plaintiff thereafter moved for leave to serve a late notice of claim solely as to the allegations regarding the January 2015 property damage. Supreme Court denied plaintiff's motion, and this appeal ensued.

Supreme Court is vested with broad discretion in determining whether to permit a late notice of claim (see *Matter of Kranick v Niskayuna Cent. Sch. Dist.*, 151 AD3d 1262, 1262 [2017]; *Matter of Jin Gak Kim v Dormitory Auth. of the State of N.Y.*, 140 AD3d 1459, 1460 [2016]). In making its determination, however, Supreme Court is statutorily required to consider a nonexhaustive list of factors, "including whether [the defendant] had actual [knowledge] of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether [the plaintiff] offered a reasonable excuse for the delay in filing and whether [the defendant] incurred substantial prejudice as a result" (*Matter of Cornelius v Board of Educ. of Delhi Cent. School Dist.*, 77 AD3d 1048, 1049 [2010]; see General Municipal Law § 50-e [5]; *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 460-461 [2016]; *Mindy O. v Binghamton City School Dist.*, 83 AD3d 1335, 1336-1337 [2011]). Although "the presence or absence of any one of these factors is not necessarily determinative" (*Matter of Hayes v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs.*, 79 AD3d 1405, 1405 [2010] [internal quotation marks, brackets and citations omitted]; see *Matter of Dewey v Town of Colonie*, 54 AD3d 1142, 1143 [2008]), "the case law makes clear that actual knowledge 'is a factor which should be accorded great weight' " (*Babcock v Walton Cent. Sch. Dist.*, 119 AD3d 1061, 1063 [2014], quoting *Matter of Stenowich v Colonie Indus. Dev. Agency*, 151 AD2d 894, 895 [1989], lv denied 74 NY2d 615 [1989]; see *Matter of City of New York v County of Nassau*, 146 AD3d 948, 950 [2017]).

Initially, we agree with plaintiff that, although Supreme Court acknowledged the relevant statutory factors to be considered, its ultimate determination did not include an analysis of actual knowledge or substantial prejudice. Instead, Supreme Court focused exclusively on plaintiff's failure to provide a reasonable excuse for the delay and the "questionable" merit of plaintiff's case. While a reasonable excuse for

the delay is a statutory factor (*see* General Municipal Law § 50-e [5]), it is well settled that " 'the failure to offer a reasonable excuse for the delay in filing a notice of claim is not fatal where actual [knowledge] was had and there is no compelling showing of prejudice' " (*Matter of Lanphere v County of Washington*, 301 AD2d 936, 938 [2003] [ellipsis omitted], quoting *Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645, 646 [2000]; *see Matter of Cruz v City of New York*, 149 AD3d 835, 837 [2017]). Similarly, although Supreme Court was permitted to consider the merits of the underlying claim, leave should only be denied on this basis when the claim is " 'patently meritless' " (*Miller v County of Sullivan*, 36 AD3d 994, 996 [2007], quoting *Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]), which was not established here.

Upon our consideration of all of the pertinent statutory factors, we find that, although plaintiff did not provide a reasonable excuse for his delay, he adequately set forth proof of actual knowledge and lack of substantial prejudice such that his motion should have been granted. As to actual knowledge, plaintiff established that, beginning in May 2015—which was approximately one month after the expiration of the 90-day statutory period—and continuing through June 2015, plaintiff notified defendant's highway superintendent and town supervisor on multiple occasions about the flooding due to the drainage system, the damage caused to his home and the large-scale construction project that was underway to repair the damage. During this same time period, the highway superintendent inspected the property, as well as the drainage system, and discussed with plaintiff possible options to redirect the discharge. In light of this uncontroverted proof, we find that defendant had actual knowledge of the essential facts of the January 2015 property damage within a reasonable time after the expiration of the 90-day statutory period (*see* General Municipal Law § 50-e [5]; *see generally Matter of Edwards v Town of Delaware*, 115 AD2d 205, 206 [1985]).

As to substantial prejudice, the only prejudice alleged is that defendant was deprived of the opportunity to investigate plaintiff's claim before plaintiff made the repairs to the home. Plaintiff's proof established, however, that although he began repairing the home immediately after the damage was sustained, the highway superintendent inspected the property while the repairs to the home were still ongoing. Accordingly, we find that defendant will not be substantially prejudiced by permitting plaintiff to serve a late notice of claim (*see Matter of Lanphere v County of Washington*, 301 AD2d at 939; *see gener-*

*ally Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 465-466; *compare Matter of Bell v City of New York*, 100 AD3d 990, 991 [2012]; *Matter of Petersen v Susquehanna Val. Cent. School Dist.*, 57 AD3d 1332, 1334 [2008]), and that Supreme Court abused its discretion by denying plaintiff's motion. The parties' remaining contentions have been examined and determined to be lacking in merit.

McCarthy, J.P., Clark and Pritzker, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.