Sherb v Monticello Cent. Sch. Dist. (2018 NY Slip Op 05004)





Sherb v Monticello Cent. Sch. Dist.


2018 NY Slip Op 05004


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

525819

[*1]SAMANTHA SHERB, Appellant,
v
MONTICELLO CENTRAL SCHOOL DISTRICT, Respondent.

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


The Post Law Firm, PLLC, Suffern (Craig A. Post of counsel), for appellant.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh (Mark L. Schuh of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Meddaugh, J.), entered January 5, 2017 in Sullivan County, which, among other things, denied plaintiff's motion to file a late notice of claim.
Plaintiff (born in June 1998) alleges that, for a period of over two years, she suffered bullying, intimidation and harassment as a student at one of defendant's schools. The problems escalated in January 2015, when an alleged perpetrator, who was also a student at the time, made physical threats against plaintiff on school property. School officials were promptly alerted, and defendant undertook certain supportive actions shortly thereafter. Another threatening incident allegedly occurred in June 2015. In October 2015, plaintiff's father moved for permission to file a late notice of claim on plaintiff's behalf. He subsequently withdrew the application. In January 2016, he moved again for the same relief, using the same proposed notice of claim. Defendant opposed the application and, in May 2016, Supreme Court (Schick, J.) denied it. Plaintiff turned 18 years of age in June 2016. In September 2016, she commenced this action seeking leave to file a late notice of claim and simultaneously filed a summons and complaint against defendant. Defendant opposed and cross-moved for sanctions, alleging that the application was frivolous. Supreme Court (Meddaugh, J.) denied the motion and the cross motion. Plaintiff appeals.
"An application for leave to file a late notice of claim is a matter committed to Supreme [*2]Court's discretion — provided such application is made prior to the expiration of the one year and 90-day statute of limitations" (Babcock v Walton Cent. Sch. Dist., 119 AD3d 1061, 1062 [2014]; see General Municipal Law
§§ 50-e [5]; Mindy O. v Binghamton City School Dist., 83 AD3d 1335, 1336 [2011]). Here, as plaintiff was a minor, the statute of limitations was tolled until her 18th birthday (see CPLR 208; Babcock v Walton Cent. Sch. Dist., 119 AD3d at 1062-1063; Matter of Conger v Ogdensburg City School Dist., 87 AD3d 1253, 1254 [2011]). The toll was not altered by the earlier unsuccessful efforts of plaintiff's father to pursue a claim on her behalf, as to do so would "cut[] against the strong public policy of protecting those who are disabled because of their age" (Henry v City of New York, 94 NY2d 275, 283 [1999]). As plaintiff's motion was brought within one year and 90 days of her 18th birthday, Supreme Court correctly found that it was timely.
Initially, we reject defendant's contention that plaintiff's motion should have been denied under the doctrine of res judicata based upon the denial of her father's earlier motion for leave to serve a late notice of claim. We note that, although both notices of claim alleged an ongoing pattern of bullying, harassment and intimidation, they were not identical; the father's notice mentioned only the January 2015 incident, while plaintiff's notice was premised upon the subsequent June 2015 event. In any case, Supreme Court (Schick, J.) denied the father's motion based upon its determination that jurisdiction over the defendants in that action was never obtained as a result of improper service of process. The court's ensuing comments on the merits of the father's application were dicta, which "is not entitled to preclusive effect" (Pollicino v Roemer & Featherstonhaugh, 277 AD2d 666, 668 [2000]; see Chiarini v County of Ulster, 9 AD3d 769, 770 [2004]).
Turning to the merits of plaintiff's motion, General Municipal Law § 50-e (5) "requires the court to consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter. Additionally, the statute requires the court to consider all other relevant facts and circumstances and provides a nonexhaustive list of factors that the court should weigh" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 461 [2016] [internal quotation marks, brackets and citations omitted]; see Education Law § 3813 [2-a]). As relevant here, the court is required to determine "'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits'" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 461, quoting General Municipal Law
§ 50-e [5]; see Education Law § 3813 [2-a]). Additionally, the court may consider, when pertinent, whether the delay in service was a product of the plaintiff's infancy status (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537-538 [2006]). While trial courts have broad discretion in determining the outcome of a movant's application to serve a late notice of claim, the determination must be supported by evidence in the record (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465).
Here, our review of the record reveals that defendant had actual knowledge of the alleged harassment, intimidation and bullying within a reasonable time, as evidenced by a February 2015 letter from plaintiff's counselor to defendant that detailed serious, harmful acts and continued harassment and bullying by the alleged perpetrator. The record further reveals that, in February 2015, the principal of plaintiff's school completed and signed a document headed "Bullying, Harassment or Intimidation Reporting Form" based upon the January 2015 incident. The form indicates that at least one meeting took place with plaintiff, school officials and others as a result of the incident, that plaintiff's parents were notified, that plaintiff had been [*3]bullied for two years and that the January 2015 incident had resulted in her "[o]ngoing" absence from school [FN1]. Although the form includes a finding that the January 2015 incident had not constituted bullying, intimidation or harassment, it also states that defendant responded by providing plaintiff with counseling, an escort and parking privileges, thus indicating its knowledge that she was in need of assistance. The record further includes an email sent by plaintiff's father to school officials on the same day as the June 2015 incident, stating that the alleged perpetrator had, among other things, driven his vehicle menacingly towards plaintiff and blown the horn at her in a school parking lot, and that a school employee who witnessed the incident had done nothing to intervene. The record thus demonstrates that defendant had actual knowledge of at least some of the underlying acts constituting the claim within a reasonable time frame (see Mindy O. v Binghamton City School Dist., 83 AD3d at 1337; Matter of Hinton v New Paltz Cent. School Dist., 50 AD3d 1414, 1416 [2008]; compare Babcock v Walton Cent. Sch. Dist., 119 AD3d at 1063-1064).
As for the issue of prejudice, we first find that Supreme Court (Meddaugh, J.) "applied the incorrect legal standard by placing the burden solely on [plaintiff] to establish lack of substantial prejudice and by failing to consider whether [plaintiff's] initial showing shifted the burden to [defendant]" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). Applying the appropriate analysis, plaintiff was initially required to "present some evidence or plausible argument that supports a finding of no substantial prejudice" (id. at 466; accord Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d 1262, 1263 [2017]). She did so by submitting the above-described evidence that defendant knew of plaintiff's claims and was able to investigate at least one of the incidents shortly after it occurred, as well as screen images taken from defendant's website indicating that relevant school officials were still employed at the time of the motion.
The burden thus shifted to defendant "to rebut [plaintiff's] showing with particularized evidence" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). In this regard, defendant's counsel asserted by affirmation that the incidents were no longer fresh in witnesses' memories as a result of the passage of time and that any witnesses "would likely be children" who might have graduated or whose memories might have faded [FN2]. However, a finding of substantial prejudice "cannot be based solely on speculation and inference; rather, a determination of substantial prejudice must be based on evidence on the record" (Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d at 1263 [internal quotation marks and citation omitted]). Furthermore, "the mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466 [internal quotation marks and citations omitted]). The [*4]speculative assertions of defendant's counsel, unsupported by any record evidence, failed to satisfy defendant's burden to establish that late notice had substantially prejudiced its ability to defend against plaintiff's claim (see Matter of D.D. v Vil. of Great Neck, 161 AD3d 861, 862-863 [2018]; Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d at 1263-1264).
Although Supreme Court considered additional factors, including whether plaintiff demonstrated a reasonable excuse for the delay and whether there was a nexus between her infancy and the failure to serve a timely notice of claim, neither of these factors is determinative where, as here, defendant had actual notice and has not shown substantial prejudice (see Daprile v Town of Copake, 155 AD3d 1405, 1406-1407 [2017]; Mindy O. v Binghamton City School Dist., 83 AD3d at 1338; Matter of Hinton v New Paltz Cent. School Dist., 50 AD3d at 1416). As defendant was aware of the underlying facts and made no showing of substantial prejudice, we find that plaintiff's motion should have been granted.
McCarthy, Lynch, Devine and Mulvey, JJ., concur.
ORDERED that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for leave to file a late notice of claim; said motion granted; and, as so modified, affirmed.



Footnotes

Footnote 1:No details as to what had occurred in January 2015 were included in the form.

Footnote 2:Counsel also asserted that the alleged perpetrator had graduated, but submitted no evidence demonstrating that defendant had been unable to locate or interview him or otherwise supporting its claim that his graduation diminished defendant's ability to investigate the claim. Plaintiff alleged that the alleged perpetrator still resided at the same address that he had when he was a student.