Matter of Edge v Beacon City Sch. Dist. (2018 NY Slip Op 05467)





Matter of Edge v Beacon City Sch. Dist.


2018 NY Slip Op 05467


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-02514
 (Index No. 52100/16)

[*1]In the Matter of Jason Edge, etc., et al., respondents,
v
Beacon City School District, et al., appellants.


Henderson & Brennan (Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY [Kathleen D. Foley], of counsel), for appellants.
McCabe & Mack LLP, Poughkeepsie, NY (Andrea L. Gellen of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the Beacon City School District, John Giametta, Brian Soltish, Barbara Walkley, Phyliss Manson, and Annmarie Quartironi appeal from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated February 14, 2017. The order granted the petition.
ORDERED that the order is affirmed, with costs.
The petitioners, Jason Edge and Jennifer Edge, claim that their daughter was bullied by other students at her school during the school year from September 2015 until June 2016. In a petition filed on August 29, 2016, and served on September 8, 2016, the petitioners sought leave to serve a late notice of claim, alleging that the appellants negligently failed to take action to address the situation. On October 19, 2016, the petitioners sought leave to serve a late amended notice of claim to add allegations of negligent hiring and training of school personnel in how to address bullying. The order appealed from granted the petitioners leave to serve the late amended notice of claim.
A party seeking to sue a public corporation generally must serve a notice of claim upon the public corporation within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]). However, the court, in its discretion, within the applicable statute of limitations, may extend the time to serve a notice of claim upon considering whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter" (General Municipal Law § 50-e[5]). Other factors to consider are whether the delay would substantially prejudice the public corporation, and whether the claimant demonstrated a reasonable excuse for the delay (see Matter of Fethallah v New York City Police Dept., 150 AD3d 998).
The appellants acquired actual knowledge of the facts constituting the claim within 90 days of the occurrences or within a reasonable time thereafter (see Kim L. v Port Jervis City [*2]School Dist., 77 AD3d 627). The appellants had knowledge of the acts complained of almost immediately, and from their documentation of those acts, could reconstruct the underlying circumstances. Therefore, the petitioners made an initial showing of lack of prejudice, which was not rebutted (see Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455, 467; Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413).
The appellants further argue that the petitioners failed to state a cause of action. However, the merit of the underlying claim is only a ground to deny leave to serve a late notice of claim where the claim is "patently meritless" (Matter of Catherine G. v County of Essex, 3 NY3d 175, 179; see Daprile v Town of Copake, 155 AD3d 1405, 1407; Matter of Channel Mar. Sales, Inc. v City of New York, 75 AD3d 600), which cannot be determined on this record.
The appellants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the petition.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court