Matter of Holbrook v Village of Hoosick Falls (2019 NY Slip Op 00342)





Matter of Holbrook v Village of Hoosick Falls


2019 NY Slip Op 00342


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526725

[*1]In the Matter of BRENT HOLBROOK et al., Respondents,
v
VILLAGE OF HOOSICK FALLS, Appellant.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine and Aarons, JJ.


Nolan & Heller, LLP, Albany (David A. Engel of counsel), for appellant.
Napoli Shkolnik PLLC, New York City (Tate J. Kunkle of counsel), for respondents.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order of the Supreme Court (McGrath, J.), entered October 13, 2017 in Rensselaer County, which granted petitioners' application pursuant to General Municipal Law §
50-e (5) for leave to file late notices of claim.
Respondent owns and operates a municipal water supply system, serving areas both inside and outside of the Village of Hoosick Falls, Rensselaer County. In October 2014, respondent became aware of the presence of perfluorooctanoic acid (hereinafter PFOA) in its municipal water system, which, it alleges, is attributable to the use, discharge and disposal of chemical formulations containing PFOA from certain industrial processes conducted at an industrial facility located within the village. At all relevant times, said facility was owned and operated by Saint-Gobain Performance Plastics Corporation (hereinafter SGPP) or Honeywell International Inc., SGPP's predecessor in interest. In January 2016, the Department of Environmental Conservation issued an emergency regulation (see 6 NYCRR 597.3) that determined — for the first time — that PFOA is a hazardous substance. That same month, the Department of Health (hereinafter DOH) commenced a program pursuant to which respondent's residents could obtain blood testing to test for the presence of PFOA in their blood. Petitioners, who are all residents of respondent, proceeded to have their blood tested and, between May 2016 and July 2016, obtained blood test results that indicated that they had elevated levels of PFOA in their blood that exceeded the average for the general population in the United States [FN1]. Thereafter, by order to show cause filed May 3, 2017, each petitioner moved for leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5). Supreme Court granted petitioners' application, and this appeal ensued. We affirm.
Supreme Court has broad discretion in determining whether to grant or deny a motion for leave to file a late notice of claim (see General Municipal Law § 50-e [5]; Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 675 [2016]; Daprile v Town of Copake, 155 AD3d 1405, 1406 [2017]). "In making its determination, . . . Supreme Court is statutorily required to consider a nonexhaustive list of factors, including whether [the respondent] had actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether [the petitioner] offered a reasonable excuse for the delay in filing and whether [the respondent] incurred substantial prejudice as a result" (Daprile v Town of Copake, 155 AD3d at 1406 [internal quotation marks, brackets and citations omitted]; see General Municipal Law § 50-e [5]; Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d 1262, 1263 [2017]). Although no single factor is determinative, respondent's actual knowledge is a factor that should be accorded great weight (see Daprile v Town of Copake, 155 AD3d at 1406). So long as Supreme Court's determination is supported by record evidence, absent a clear abuse of discretion, it will not be disturbed (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465 [2016]; Matter of Reinemann v Village of Altamont, 112 AD3d 1264, 1265 [2013]; Matter of Hubbard v County of Madison, 71 AD3d 1313, 1314-1315 [2010]).
Initially, we agree with respondent that petitioners failed to present a reasonable excuse for the lengthy delay between when they obtained their blood test results and when they sought leave to file late notices of claim. It is well settled, however, that where, as here, a petitioner fails to offer a reasonable excuse for the delay in filing a notice of claim, such a defect will not be deemed fatal where it is established that the respondent had actual knowledge of the essential facts underlying the claim and there has otherwise been no compelling demonstration of prejudice (see Daprile v Town of Copake, 155 AD3d at 1406; Matter of Lanphere v County of Washington, 301 AD2d 936, 938 [2003]). Upon review, we are satisfied that there is sufficient proof in the record to establish respondent's actual knowledge of both the existence of PFOA in its municipal water supply system and the negative potential health risks associated with PFOA exposure that underlie petitioners' claims.
With regard to respondent's actual knowledge of the essential facts underlying the claim, paradoxically, it was respondent who provided the most compelling proof with regard to the extent of its knowledge of PFOA contamination in its municipal water system. In his affirmation in opposition to petitioners' application, respondent's counsel acknowledges that respondent became aware of PFOA in its municipal water system in October 2014. Although respondent contends that the Department of Environmental Conservation did not declare PFOA to be a hazardous substance until January 2016, the affidavit nevertheless indicates that, prior thereto, respondent was in negotiations with SGPP in an effort to remediate the PFOA problem and, in November 2015, upon respondent's urging, SGPP began providing bottled water to all of respondent's residents — a clear effort to prevent respondent's residents from drinking the municipal water. Moreover, respondent acknowledges that, in December 2015, information with regard to the potential health risks associated with PFOA exposure was "widely disseminated throughout [respondent's] area and throughout the County of Rensselaer and neighboring counties." Respondent also affixed to counsel's affirmation in opposition a copy of a DOH pamphlet, dated June 2016, which indicated that exposure to PFOA contaminated water can lead to high levels of PFOA in the blood and that PFOA has been associated with certain negative health effects. Another attached DOH report, dated August 2016, also established that the concentration of PFOA in the blood of respondent's residents was, on average, far in excess of that of an average U.S. citizen. Given the provided information, it is evident that respondent was well aware of the PFOA contamination in its municipal water system, the likelihood of increased PFOA levels in the blood of its residents as a result of exposure to PFOA and the potential negative health consequences as a result thereof. On the record before us, therefore, respondent cannot plausibly claim that it had only a "general awareness" of the presence of PFOA in its municipal water system. Accordingly, we conclude that Supreme Court properly found that respondent had actual notice of all the essential facts underlying petitioners' claims (see Daprile v Town of Copake, 155 AD3d at 1406; Matter of Schwindt v County of Essex, 60 AD3d 1248, 1250 [2009]).
Further, there has been no demonstration of substantial prejudice to respondent as a result of petitioners' delay in seeking to file late notices of claim (see Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1134 [2018]; Daprile v Town of Copake, 155 AD3d at 1407). Respondent has been aware of the subject PFOA contamination since at least October 2014, it was apprised of the potential negative health risks to its residents from PFOA exposure and, as a result of the blood testing program commenced by DOH, it learned of the elevated levels of PFOA in its residents — despite its efforts to downplay said results. Moreover, respondent alleges that it has located the source of the PFOA contamination and petitioners, as residents of respondent, remain available for any further investigation into whether respondent's conduct was the proximate cause of their alleged injuries. In turn, other than the passage of time, respondent has offered no particularized evidence in opposition to establish that it suffered substantial prejudice (see Sherb v Monticello Cent. Sch. Dist., 163 AD3d at 1134; Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d at 1263-1264). Accordingly, we find that Supreme Court considered the relevant statutory factors and did not abuse its discretion in granting petitioners' motion for leave to file late notices of claim.
Garry, P.J., Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The average quantity of PFOA in the blood of the general U.S. population measures 2.08 ug/L. The three petitioners allege that their blood test results confirmed the presence of PFOA in their blood at levels of 31.1 ug/L, 22 ug/L and 85.7 ug/L.