Matter of Perkins v Albany Port Dist. Commn. (2020 NY Slip Op 07963)





Matter of Perkins v Albany Port Dist. Commn.


2020 NY Slip Op 07963


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

529995

[*1]In the Matter of Montrell Perkins, Appellant,
v
Albany Port District Commission, Also Known as Port of Albany, et al., Respondents.

Calendar Date: November 17, 2020

Before: Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Buckley, Mendleson, Criscione & Quinn, PC, Albany (John J. Criscione of counsel), for appellant.
Patrick K. Jordan, Albany Port District Commission, Albany (Michael J. Hutter of Powers & Santola, LLP, Albany, of counsel), for Albany Port District Commission, respondent.
Marisa Franchini, Corporation Counsel, Albany (Sarah A. Valis of counsel), for City of Albany, respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Weinstein, J.), entered August 29, 2019 in Albany County, which denied petitioner's application pursuant to General Municipal Law §
50-e (5) to serve a late notice of claim.
In December 2018, petitioner, who was employed as a longshoreman by Federal Marine Terminal (hereinafter FMT), was working at the Port of Albany when he allegedly sustained a back injury after slipping on a patch of ice. In May 2019, petitioner brought this application seeking leave to serve a late notice of claim upon respondents pursuant to General Municipal Law § 50-e (5). Supreme Court denied petitioner's application, finding that petitioner failed to provide a reasonable excuse for the delay in filing the notice of claim, respondents did not have actual knowledge of the essential facts of the claim and the delay substantially prejudiced respondents. Petitioner appeals.
Petitioner contends that Supreme Court erred in denying his application to serve a late notice of claim. We agree, however only with respect to respondent Albany Port District Commission (hereinafter the Port). "Whether to permit the late filing of a notice of claim involves consideration of various statutory factors, including whether [the] respondents had actual notice of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether [the] petitioner offered a reasonable excuse for the delay in filing and whether [the] respondents incurred substantial prejudice as a result" (Matter of Cornelius v Board of Educ. of Delhi Cent. School Dist., 77 AD3d 1048, 1049 [2010] [citations omitted]; see General Municipal Law § 50-e [5]; accord Matter of Waliszewski v County of Ulster, 169 AD3d 1212, 1213 [2019]). Initially, we agree with Supreme Court that there was no reasonable excuse for the delay because petitioner's proffered excuse of ignorance of the filing requirement is not, as a matter of law, a reasonable excuse (see Matter of Schwindt v County of Essex, 60 AD3d 1248, 1249 [2009]; Matter of Crocco v Town of New Scotland, 307 AD2d 516, 517 [2003]).[FN1] However, "the failure to offer a reasonable excuse for the delay in filing a notice of claim is not fatal where actual knowledge was had and there is no compelling showing of prejudice" (Daprile v Town of Copake, 155 AD3d 1405, 1407 [2017] [internal quotation marks, brackets, and citations omitted]; see Matter of Apgar v Waverly Cent. School Dist., 36 AD3d 1113, 1115 [2007]).
Turning first to the Port, Supreme Court erroneously determined that the Port did not have actual notice of the essential facts constituting the claim. Affidavits offered by petitioner and James Keleher, an employee of FMT, establish that members of the Port Security Department came to the scene of the accident soon after petitioner's fall to check on his condition and were able to observe the area where petitioner fell. Petitioner also averred that the Port Security Department was located approximately [*2]one hundred feet from where he fell and that there are surveillance cameras on the Port Security Department office building that are pointed at the area where petitioner fell. Petitioner also proffered an incident report form completed by one of the members of the Port Security Department who came to the scene the day of the accident. This form reflects the location of petitioner's fall and that petitioner fell on ice, injured his back and was transported to the hospital by an ambulance. Thus, the Port had "more than merely generalized awareness of an accident and injuries" sufficient to establish actual notice (Matter of Franco v Town of Cairo, 87 AD3d 799, 800-801 [2011]; see Matter of Schwindt v County of Essex, 60 AD3d at 1250; Matter of Welch v Bd. of Educ. of Saratoga Cent. School Dist., 287 AD2d 761, 763-764 [2001]).
We turn now to the issue of prejudice as to the Port. We agree with petitioner that Supreme Court did not apply the correct legal standard, as it "'plac[ed] the burden solely on [petitioner] to establish lack of substantial prejudice and
. . . fail[ed] to consider whether [petitioner's] initial showing shifted the burden to [respondents]'" (Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1133 [2018], quoting Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455, 467 [2016]). Rather, the proper standard requires a petitioner to initially "present some evidence or plausible argument that supports a finding of no substantial prejudice" (Sherb v Monticello Cent. Sch. Dist., 163 AD3d at 1133 [internal quotation marks and citations omitted]; see Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d 1262, 1263 [2017]). Here, petitioner met this burden by showing, as previously discussed, that the Port had actual notice of the incident sufficient to allow it to investigate the accident shortly after it occurred (see Sherb v Monticello Cent. Sch. Dist., 163 AD3d at 1133). Additionally, petitioner submitted photographs and a video that suggest that the condition has not substantially changed from its appearance at the time of the accident.
Thus, the burden shifted to the Port "to rebut [the] showing with particularized evidence" (Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d at 467). In this regard, the Port asserted that it was prejudiced because the conditions have changed at the location where petitioner fell. However, the transitory nature of the icy pavement, standing alone, does not demonstrate substantial prejudice (see e.g. Matter of Waliszewski v County of Ulster, 169 AD3d at 1214; Matter of Hayes v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs., 79 AD3d 1405, 1406 [2010]), especially given that, even had the notice of claim been filed timely, the accident site would not have remained completely unaltered due to weather changes within the 90-day statutory period. As such, the Port failed to produce any particularized evidence to establish that it suffered prejudice, and its [*3]conclusory assertion that the mere passage of time has impaired its ability to adequately investigate petitioner's claim is unpersuasive (see Matter of Holbrook v Village of Hoosick Falls, 168 AD3d 1263, 1266 [2019]; Matter of Schwindt v County of Essex, 60 AD3d at 1250). Accordingly, because the Port had actual notice of the essential facts constituting the claim within 90 days and failed to rebut petitioner's showing that it would not be substantially prejudiced by a late notice of claim, we find that Supreme Court erred in denying the application as to the Port, and we reverse that portion of Supreme Court's order (see Matter of Franco v Town of Cairo, 87 AD3d at 801).
We do not, however, reach the same conclusion, as to respondent City of Albany. First, as to actual notice, although emergency personnel from the City responded to the scene of the accident and completed an incident report, the "general nature of the information in the cursory report" was insufficient to confer actual knowledge to the City (Matter of Jin Gak Kim v Dormitory Auth. of the State of N.Y., 140 AD3d 1459, 1460 [2016]; see Matter of Crocco v Town of New Scotland, 307 AD2d at 517). To that end, the incident report only vaguely indicated the nature of the incident and it did not identify the location of the fall and only ambiguously specified the cause of the accident as "icy snow." Moreover, unlike the Port, the City did not have control over the area nor did it have access to the security cameras that captured the incident on video. Thus, the City was "unaware of any facts to suggest that [it was] responsible" for the condition that caused petitioner's fall (Kirtley v Albany County Airport Auth., 67 AD3d 1317, 1318 [2009] [internal quotation marks and citations omitted]; Matter of Curiel v Town of Thurman, 289 AD2d 737, 738 [2001], lv denied 97 NY2d 611 [2002]). Second, as to prejudice, applying the correct standard, we do not find that petitioner met his burden of "present[ing] some evidence or plausible argument that supports a finding of no substantial prejudice" (Sherb v Monticello Cent. Sch. Dist., 163 AD3d at 1133 [internal quotation marks and citations omitted]; see Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d at 1263). Notably, petitioner did not set forth any specific evidence or argument that the City was not prejudiced, but instead focused his assertions on the Port. Therefore, because petitioner did not offer a reasonable excuse for the delay in filing and the City did not have actual notice of the essential facts constituting petitioner's claim and, as such, substantial prejudice would result, we affirm Supreme Court's denial of the application as to the City (compare Sherb v Monticello Cent. Sch. Dist., 163 AD3d at 1134).
Egan Jr., J.P., Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner's motion for leave to file a late [*4]notice of claim as to respondent Albany Port District Commission; motion granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Petitioner's alternative excuse for delay — that he was unaware of the severity of his injuries until after the statutory period ended — is facially contradicted in petitioner's order to show cause.