Matter of Cook v Maine-Endwell Cent. Sch. Dist. (2025 NY Slip Op 01415)

Matter of Cook v Maine-Endwell Cent. Sch. Dist.

2025 NY Slip Op 01415

Decided on March 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 13, 2025

CV-24-0071
[*1]In the Matter of Sara Cook et al., Respondents,
v
Maine-Endwell Central School District et al., Appellants.

Calendar Date:January 13, 2025

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Hancock Estabrook, LLP, Syracuse (Janet D. Callahan of counsel), for appellants.
Brown Rudnick LLP, New York City (Andrew T. Sutton of counsel), for respondents.

Clark, J.
Appeal from an order of the Supreme Court (Eugene Faughnan, J.), entered December 15, 2023 in Broome County, which granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.
On April 22, 2022, petitioner Benjamin Cook and his minor child (born in 2005; hereinafter decedent) attended a meeting with administrators at the high school decedent attended. At the meeting, respondents David G. Daniels, Allison E. Birth, and Jennifer L. Yurko (hereinafter the school administrators) explained that the school was taking certain disciplinary action against decedent due to an event earlier that day. At the conclusion of the meeting, Benjamin Cook and decedent left the school. Hours later, petitioners discovered that decedent had taken his own life. On July 20, 2023, petitioners applied for leave to file a late notice of claim against respondents, asserting claims sounding in negligence and wrongful death, among other things; respondents opposed said application. Supreme Court found that respondents had received actual knowledge of the essential facts giving rise to the claim and that they would not be substantially prejudiced by a late notice, and it granted petitioners' application. Respondents appeal.
A notice of claim against a municipal corporation must generally be served within 90 days after the claim arises (see General Municipal Law § 50-e [1] [a]). However, Supreme Court is vested with broad discretion in considering an application for leave to file a late notice of claim, so long as the application is made within the applicable statute of limitations (see General Municipal Law § 50-e [5]; Matter of Barra v County of Tompkins, 125 AD3d 1237, 1237 [3d Dept 2015]).[FN1] In determining such an application, Supreme Court must consider a nonexhaustive list of factors, including, as relevant here, whether the municipal corporation had actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether the delay caused substantial prejudice to any defense to the claim and whether a reasonable excuse exists for the delay (see General Municipal Law § 50-e [5]; Matter of Christopher M. v Boquet Val. Cent. Sch. Dist., 200 AD3d 1176, 1177 [3d Dept 2021]; Daprile v Town of Copake, 155 AD3d 1405, 1406 [3d Dept 2017]).
Turning to the first of these factors, the party seeking leave must establish actual knowledge "through the submission of nonspeculative evidence" (Matter of Jaime v City of New York, 41 NY3d 531, 540 [2024]), and courts should accord this factor "great weight" (Matter of Beary v City of Rye, 44 NY2d 398, 412 [1978]; see General Municipal Law § 50-e [5]). Here, it is undisputed that the school administrators communicated certain disciplinary measures to decedent and Benjamin Cook at a meeting on April 22, 2022 and that decedent died by suicide a few hours later. According to petitioners, the school administrators told decedent that he was suspended [*2]for a third time; that a hearing would be held to consider whether decedent should be expelled; that such hearing was a formality because a third suspension resulted in automatic expulsion under school policy; that hiring a lawyer for the hearing would be futile; and that decedent's expulsion would lead to the revocation of his admission to a post-high school BOCES program. Petitioners also asserted that, in the days following decedent's passing, the superintendent of respondent Maine-Endwell Central School District offered his condolences, and petitioners discussed with him the disciplinary measures taken by the school administrators at the meeting. In opposition, the superintendent posed factual challenges to petitioners' characterization of the meeting. Although he did not attend the meeting, he indicated that he had been "reliably informed" about the substance thereof. His response makes clear that the primary purpose of a notice of claim — to provide a municipal corporation with notice to allow for an efficient, timely investigation (see Rosenbaum v City of New York, 8 NY3d 1, 10-11 [2006]; Matter of Beary v City of Rye, 44 NY2d at 412-413) — has been satisfied in this case. Under these circumstances, we are satisfied that respondents had actual knowledge of the essential facts constituting the claim soon after decedent's death (see General Municipal Law § 50-e [2]; Matter of Holbrook v Village of Hoosick Falls, 168 AD3d 1263, 1264-1265 [3d Dept 2019]; Daprile v Town of Copake, 155 AD3d at 1407; compare Matter of Heffelfinger v Albany Intl. Airport, 43 AD3d 537, 539 [3d Dept 2007]).
Next, the party seeking leave must initially "present some evidence or plausible argument that supports a finding of no substantial prejudice" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]; see Matter of Perkins v Albany Port Dist. Commn., 189 AD3d 1929, 1931 [3d Dept 2020]). Inasmuch as the above facts sufficed to provide respondents with actual knowledge of the essential facts and allowed them to investigate and prepare defenses to them, petitioners met their initial burden of showing a lack of substantial prejudice (see Matter of Perkins v Albany Port Dist. Commn., 189 AD3d at 1931; Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1133-1134 [3d Dept 2018]). Thus, the burden shifted to respondents to "respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; see Sherb v Monticello Cent. Sch. Dist., 163 AD3d at 1134). Here, although the superintendent asserted that one of the school administrators had left the employ of the school district, respondents failed to present any particularized showing as to how such departure substantially prejudiced them (see e.g. Matter of Doe v Elmira City Sch. Dist., 209 AD3d 1187, 1188-1189 [3d Dept 2022]; Matter of Christopher M. v Boquet Val. Cent. [*3]Sch. Dist., 200 AD3d at 1177; Matter of Lanphere v County of Washington, 301 AD2d 936, 938-939 [3d Dept 2003]). As such, the record supports Supreme Court's finding that respondents would not be substantially prejudiced by allowing petitioners to file and serve a late notice of claim (see Matter of Perkins v Albany Port Dist. Commn., 189 AD3d at 1931-1932; Matter of Hubbard v County of Madison, 71 AD3d 1313, 1315-1316 [3d Dept 2010]). We need not consider respondents' challenge to whether petitioners offered a reasonable excuse for the delay, as even where proof on that factor fails, "such a defect will not be deemed fatal where it is established that the respondent[s] had actual knowledge of the essential facts underlying the claim and there has otherwise been no compelling demonstration of prejudice" (Matter of Holbrook v Village of Hoosick Falls, 168 AD3d at 1264; see Daprile v Town of Copake, 155 AD3d at 1406-1407).
Respondents further contend that Supreme Court abused its discretion in granting the instant application because the claim was patently meritless. As respondents correctly note, "[l]eave is not appropriate for a patently meritless claim" (Matter of Catherine G. v County of Essex, 3 NY3d 175, 179 [2004]), and schools are not generally "held liable for injuries that occur off school property and beyond the orbit of [their] authority" (Donofrio v Rockville Ctr. Union Free Sch. Dist., 149 AD3d 805, 806 [2d Dept 2017] [internal quotation marks and citation omitted]; see E.W. v Madison-Oneida Bd. of Coop. Educ. Servs., 232 AD3d 1163, 1163-1164 [3d Dept 2024]). However, exceptions to this general rule exist, and a school may be held liable where a special relationship has been created, where the school's actions created a foreseeably hazardous condition or where an incident began on the school's campus and then continued off-campus, among other circumstances (see Anglero v New York City Bd. of Educ., 2 NY3d 784, 785 [2004]; Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 671-672 [1999]; Cuffy v City of New York, 69 NY2d 255, 260-261 [1987]; see also Fuller v Preis, 35 NY2d 425, 428-429 [1974]). Notably, the instant appeal was taken from an order granting petitioners leave to file a late notice of claim, before a substantive pleading had been filed. At this procedural stage, petitioners were not required to establish the certainty of the merits of their claim or the specific legal theories underlying the same (see Matter of Place v Beekmantown Cent. School Dist., 69 AD3d 1035, 1036-1037 [3d Dept 2010]; cf. Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]).[FN2] Thus, without regard to whether petitioners may ultimately succeed on the merits, we find that the claim as set forth in petitioners' application is not patently meritless, and Supreme Court did not abuse its discretion in granting petitioners leave (see Matter of Barra v County of Tompkins, 125 AD3d at 1238; Miller v County of Sullivan, 36 AD3d 994, 996-997 [3d Dept 2007]).[*4]
Respondents also argue that petitioners lacked standing to file the instant application because they had not been appointed as executors of decedent's estate, but neither the statute nor caselaw provide such requirement (see General Obligations Law § 50-e [5]; Winbush v City of Mount Vernon, 306 NY 327, 335 [1954]).[FN3] To the extent not expressly addressed herein, respondents' remaining contentions have been considered and found to lack merit.
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: On appeal, respondents advance no argument that petitioners' application was filed after the statutes of limitations expired. In any event, the record reflects that said application was filed one year and 89 days after decedent's death, within the statutes of limitations applicable to a tort or wrongful death claim against a municipal corporation (see General Municipal Law § 50-i [1] [c]).

Footnote 2: During the pendency of this appeal, petitioners were issued limited letters of administration and commenced an action against respondents. The parties are currently engaged in motion practice, and respondents' challenge to the merits of petitioners' claims are more appropriately addressed there.

Footnote 3: Although only the administrator of a decedent's estate may bring suit on behalf of a decedent, it has long been established that the next of kin — and even a nonrelative friend — may file and serve a timely notice of claim (see Winbush v City of Mount Vernon, 306 NY at 330-334; Matter of Figueroa v City of New York, 279 App Div 771, 771 [2d Dept 1951]). To the extent that respondents assert that Winbush is not applicable to circumstances where, as here, a party seeks leave to file a late notice of claim, such a restriction was "forced by the very language" of General Municipal Law § 50-e former (5), which granted courts discretion to allow a late notice only when prerequisites enumerated therein had been met (Winbush v City of Mount Vernon, 306 NY at 333; see Camarella v East Irondequoit Cent. School Bd., 34 NY2d 139, 142-143 [1974]). As the Legislature subsequently removed those restrictions and expanded courts' discretionary powers to allow a late notice of claim (see L 1976, ch 745, § 2), we find that "there is no reason, in statute or in reason," to limit petitioners' ability, as decedent's next of kin, to seek to file a late notice of claim pursuant to General Municipal Law § 50-e (5) (Winbush v City of Mount Vernon, 306 NY at 334).